**Loyce BISHOP, Appellant,**

v.

**Dr. Raul SEPULVEDA, et al., Appellees.**

**No. A2901.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1982.

Monte Lee Sherrod, Harvill & Hardy, Houston, for appellant.

John O. Kain, Steve Peery, Andrews, Kurth, Campbell & Jones, Houston, Kevin J. Keith, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

Appellant, plaintiff in the trial court, appeals from the trial court's dismissal of her petition. We reverse.

This case requires the court to determine the applicability of the Medical Liability and Insurance Improvement Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 4590i. (Vernon Supp.1980). The issue is whether the appellant was obligated to give notice of the health liability claim to the appellees sixty days before filing suit.

Appellant sought damages for alleged medical malpractice resulting from a back operation. Defendants in the trial court were Drs. Sepulveda, the surgeon, and Kant, the referring doctor, and Houston Northwest Medical Center. The trial court granted Houston Northwest Medical Center's motion for summary judgment and no complaint is made in this appeal concerning such action. The trial court granted the motion of each appellee doctor for dismissal because prior to filing the health care liability claim appellant had not given the sixty days notice required by the Medical Liability and Insurance Improvement Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 4590i; (Vernon Supp.1980). It is this action of the trial court of which appellant complains on appeal.

From the records before this court it is undisputed that appellant's back was operated on by Dr. Sepulveda on January 3, 1977, giving rise to the cause of action alleged in her petition. The Medical Liability and Insurance Improvement Act became effective August 29, 1977, and appellant filed her original petition on August 24, 1978.

Appellant argues on appeal that the trial court applied the procedural requirement of Section 4.01(a) of Article 4590i; Tex.Rev. Civ.Stat.Ann. (Vernon Supp.1981) retrospectively to the filing of her health care liability claim since her cause of action accrued prior to the effective date of the statute. Appellee, on the other hand, maintains that at the time appellant filed her petition Section 4.01(a) was the governing procedural law and had been so for some eleven months.

In 1977, the legislature passed House Bill 1048 (1977 Tex.Gen.Laws, Ch. 817, p. 2039) which consisted of four parts. Part one was the Medical Liability and Insurance Act; part two concerned oral warranty and emergency care; part three concerned insurance and part four was entitled "Other Provisions." Section 41.01, contained within part four, provides: "The provisions of this Act shall apply only to causes of action based upon health care liability claims occurring after the effective date of this Act."

Appellees' alleged malpractice took place when Dr. Sepulveda operated on appellant's back on January 3, 1977, and therefore, appellant's cause of action accrued at that time. A right of action ac-

crues, as a general rule, whenever facts come into existence which give rise to a cause of action. *Jones v. Young*, 539 S.W.2d 901, 907 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.). A cause of action in tort accrues when the tort is committed, even though the damages, or their extent, are not ascertainable until a later date. *Green v. Helmcamb Insurance Agency*, 499 S.W.2d 730, 732 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.) citing *Atkins v. Crossland*, 417 S.W.2d 150 (Tex. 1967).

We find that appellant's cause of action accrued before the effective date of the act in question. Therefore, the trial court erred in applying the Section 4.01 notice provision to the instant case and granting appellees' motion for dismissal.

Reversed and remanded.