**Weldon Ray WALLACE, Appellant,**

v.

**Dr. Deon SMITH, Appellee.**

No. 2–82–195–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 15, 1983.

Barham Bratton, Gibbins, Burrow & Bratton, Austin, for appellant.

Richard U. Simon, Jr., Simon, Peebles, Haskell, Gardner & Betty, Fort Worth, for appellee.

Before HUGHES, JORDAN and SPURLOCK, JJ.

OPINION

SPURLOCK, Justice.

Appellant, Weldon Ray Wallace, appeals from a summary judgment rendered in a medical malpractice case. The trial court held that the plaintiff's cause of action was barred by the statute of limitations.

We affirm.

On August 13, 1969, Wallace entered into the care and treatment of appellee, Dr. Leon Smith. Smith is a practicing ortho-

dontist in Tarrant County, Texas. During the course of treatment, Smith diagnosed Wallace's problem and embarked on a method of corrective orthodontics which at trial was alleged to be useless without the benefit of surgery. Surgery was never performed on Wallace while under Smith's care. Treatment terminated in October, 1978.

Wallace alleges he did not discover that the treatment given him was of no benefit until June, 1980. Suit was filed on October 16, 1981.

By affidavit, Wallace's expert witness, Dr. Robert Penny, states that in his opinion Smith exercised substandard dental care in failing to diagnose plaintiff's problem, in failing to obtain a consultation from an oral surgeon, and in electing to treat plaintiff by application of braces alone. At most, Penny's affidavit presents conflicting evidence of misdiagnosis and mistreatment.

Finding some evidence of mistreatment, we must first determine when Wallace's cause of action accrues. In Wallace's brief, he first argues his cause of action accrued on or about August 13, 1969. *See Bishop v. Sepulveda,* 629 S.W.2d 807 (Tex.App.— Houston [14th Dist.] 1982, no writ). Wallace, by applying the discovery rule exception, then asserts that his cause of action does not accrue until the alleged negligent act is, or in the exercise of reasonable diligence, should have been discovered. *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977); *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972).

The question of when a cause of action accrues is a judicial one. *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967).

In the instant case, it is evident that appellant first asserts his cause of action occurs in 1969 so he may utilize the discovery rule. Whether his injury occurred prior to Tex.Ins.Code Ann. art. 5.82, § 4 (Vernon 1975) or not, we would have to find that any negligence occurring after the effective date of art. 5.82 would be subject to that statute or its successor. Tex.Rev.Civ. Stat.Ann. art. 4590i, § 10.01 (Vernon 1976). This would amount to splitting appellant's cause of action for that negligence occurring prior to 1975 from that negligence occurring post 1975. The post 1975 negligent treatment would be barred by the statute of limitations provision of arts. 5.82 and 4590i.

We cannot distinguish the pre-1975 treatment and create a separate cause of action for that treatment because the pre-1975 treatment is the same treatment as the post 1975 treatment, as it continued uninterrupted throughout.

There can be no distinctive date for negligence since the doctor and the treatment were the same, and the alleged negligence is failure to try another manner of treatment at some other unspecified time. We find that the only possible date appellant's cause of action could occur would be the last date of treatment, being October 1978. At that time, art. 4590i was in effect, and reads in part that:

[N]o health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; . . .

By its terms, appellant had two years to file after the last date of treatment. In failing to do so, the statute of limitations has run. Accordingly, the summary judgment is proper.

The judgment is affirmed.

ASHWORTH, J., not participating.