**C. Marshall METZE, Appellant,**

v.

**Mark L. ENTMAN, et ux., Appellees.**

**No. A2086.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 26, 1979.

Michael R. Davis, Dickerson & Davis, Houston, for appellant.

Timothy A. Beeton, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellees.

Before MILLER, PRESSLER and SALAZAR, JJ.

MILLER, Justice.

This is an appeal from a summary judgment. We affirm the trial court.

The Entmans, plaintiffs below, filed suit against Mattchem, Inc., as maker, and Metze, as guarantor, on a promissory note balance of $5,849.58.[1] Defendant Metze answered the suit by alleging waiver, estoppel, release, and a general denial and by pleading that the suit be abated until resort was had upon the primary obligor, Mattchem, Inc. He further cross acted against defendant Mattson on a related claim. Both sides conducted discovery. Certain facts were admitted by the defendant; others were subsequently deemed admitted by order of the court. Both sides served and

---

1. Plaintiffs further alleged that the defendant and one Gary M. Mattson had violated Tex. Rev.Civ.Stat.Ann. art. 581–33 (Vernon 1964) through intentional misrepresentation and failure to disclose certain material facts in order to induce him into investing and purchasing stock in a certain corporation of which Metze was the majority stockholder and treasurer. The Plaintiff subsequently took a non-suit as to Mattson and the second cause of action.

answered interrogatories. On June 29, 1978, the plaintiff filed a motion for summary judgment to which was attached an affidavit made by the plaintiff setting out the facts and the original promissory note. No response was filed by the defendant. No order was rendered by the court on this motion. On September 26, 1978, the plaintiff filed his second motion for summary judgment. An affidavit by him was attached which incorporated the original promissory note by reference. Also attached and verified was a copy of the Shareholders' Written Consent to Dissolve (Mattchem, Inc.) signed by C. Marshall Metze, Mark Entman and Patrick S. Metze, another shareholder, as well as a demand letter to Metze. On October 31, 1978, the defendant filed his affidavit unaccompanied by motion or other proof. On November 6, 1978, the court rendered judgment for the plaintiff and against the defendant in the amount of $5,849.58 plus 10% attorneys' fees. From that judgment, defendant appeals.

In his first point of error the defendant asserts that the trial court erred in granting judgment against him as guarantor when plaintiff had, by agreeing to dissolve the corporate maker of the promissory note, thereby released the guarantor. That the plaintiffs consented to the corporate maker's dissolution is an uncontroverted fact; defendant by implication is suggesting that such consent operates as a release as a matter of law.

The defendant signed the promissory note as a "guarantor" and thereby engaged that if the instrument was not paid when due that he would pay it according to its tenor without resort by the holder to any other party. Tex.Bus. & Comm.Code Ann. § 3.416 (Vernon 1968). The defendant's obligation was therefore indistinguishable from that of a surety. *Arnett v. Simpson*, 235 S.W. 982 (Tex.Civ.App.—Amarillo 1921, writ dism'd), and his liability was so governed. It is an accurate statement of the law that that which discharges the principal from his obligation also exonerates the surety, *Bridges v. Phillips*, 17 Tex. 128 (1856), *unless* made with his consent and to his prejudice. *Old Colony Insurance Company v. City of Quitman*, 163 Tex. 144, 352 S.W.2d 452 (1961); *Whitten v. Metro Bank of Dallas*, 556 S.W.2d 383 (Tex.Civ.App.—Waco 1977, no writ) (emphasis ours). If it can even be said that the agreement to dissolve in any way operated as a release of the principal's obligation, that agreement was executed by defendant with his full participation, knowledge and consent.

The first point of error is overruled.

In the second point of error, defendant complains that the trial court erred in rendering summary judgment as there was a material issue of fact raised by his affidavit. He identifies the issue as whether or not there was a waiver of the promissory note by execution of a new contract.

Effective January 1, 1978, an amendment to Tex.R.Civ.P. 166–A(c) (Vernon 1976) provides that "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response." In this case defendant filed his affidavit with the clerk of the trial court. There is no indication in the record that leave of court was requested or obtained to file the instrument. The plaintiff, however, made no motion to strike the affidavit on the ground of the untimely filing. The defendant assumes in his argument that his affidavit was before the trial court and therefore part of the summary judgment proof in the case. However, the judgment recites the specific proof considered as:

" . . . the pleadings, Defendant's Answers to Plaintiff's Requests for Admissions, the Court's Order deeming certain answers to Requests for Admissions admitted as to Defendant C. Marshall Metze, the original note sued upon marked Exhibit 'A' and the affidavit marked Exhibit 'B', and the demand letter to Defendant C. Marshall Metze with signature card marked as Exhibit 'C', which are attached to Plaintiff's Motion for Summary Judgment . . . "

This recitation does not include the defendant's affidavit. The trial court is charged with the duty only of considering the record as it properly appears before the court when the motion for summary judgment is heard. *Superior Stationers Corp. v. Berol Corporation*, 483 S.W.2d 857 (Tex.Civ. App.—Houston [1st Dist.] 1972, no writ). The issue in this case is then whether or not the trial court *must* consider an opposing affidavit which is not timely filed where no objection and motion to strike is made by the movant. We answer this in the negative.

■ Prior to the 1978 amendment to Tex. R.Civ.P. 166–A (Vernon 1976) the rule read "The adverse party prior to the day of hearing may serve opposing affidavits." It was well established that the provision was directory only so that it was well within the discretion of the trial court to allow opposing affidavits, *Majestic Building Corp. v. McClelland*, 559 S.W.2d 883 (Tex.Civ.App.— Houston [1st Dist.] 1977, no writ), or not to allow opposing affidavits to be filed on or following the day of the summary judgment hearing. *Axcell v. Phillips*, 473 S.W.2d 554 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.); *Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863 (Tex. Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e). We think that the same discretion still lies with the trial court and in fact was emphasized by the addition of the words "Except by leave of court" in the amendment. Assuming, without deciding, that the untimely filed affidavit was sufficient to raise a fact issue, it was within the discretion of the trial court to determine if it would consider it or not. Given the recitation in the judgment, the trial court did not consider it. The Defendant has not met his burden of demonstrating that the court abused its discretion in so doing.

The second point of error is overruled.

The judgment of the trial court is affirmed.