**Martha WYNN, Appellant,**

v.

**KENSINGTON MORTGAGE AND FINANCE CORPORATION, Appellee.**

**No. 14416.**

Court of Appeals of Texas, Austin.

Aug. 28, 1985.

Elizabeth Kilbride, Vickery & Kilbride, Houston, for appellant.

D. Gullekson, Brown, Maroney, Rose, Barber & Dye, Austin, for appellee.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

CARROLL, Justice.

Kensington Mortgage and Finance Corporation obtained a summary judgment that Martha Wynn take nothing against them in her suit arising out of the sale and financing of a mobile home. We will affirm the judgment of the trial court.

This appeal involves the liability, if any, of a lender who provides consumer financing for an arguably defective product. In 1982, Martha Wynn and her late husband purchased a mobile home. Part of the purchase price for the mobile home was financed by Kensington Mortgage and Finance Corporation. Wynn filed suit against the lender, the manufacturer of the mobile home, the retail seller, and others based on product liability and deceptive trade practices, claiming that the mobile home contained excessive levels of formaldehyde which made it impossible to use the mobile home.

In her ninth cause of action alleged against the various defendants, Wynn charged that Kensington "... routinely provide[s] the financing for mobile home sales. Further that because of such 'tie-in' type arrangements between defendant/manufacturer, retailer and financer, ... [Kensington has] actual knowledge of the problem of formaldehyde contamination of the mobile homes [it] continues to finance."

Kensington successfully moved for summary judgment in the case, arguing that it was "only the lender" and was not engaged

in the design, manufacture, marketing or sale of the home. Kensington's sworn motion for summary judgment acknowledged its involvement in the transaction as a lender, but stated that Kensington had no independent knowledge whatsoever concerning the veracity of the formaldehyde claims asserted by Wynn in her lawsuit.

Summary judgment practice is governed by the terms of Tex.R.Civ.P.Ann. 166–A (Supp.1985). Rule 166–A(c) provides that "[t]he judgment sought shall be rendered ... if ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law ..." The burden in a summary judgment proceeding is on the movant to establish that no material fact issues exist, and that movant is entitled to summary judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex. 1978).

In her only point of error, Wynn argues that material fact issues exist which preclude summary judgment. Kensington defends its summary judgment, first by arguing that Wynn's response to the summary judgment motion was not timely filed and should not be considered on appeal, and alternatively by suggesting that even if considered, Wynn's response contains no summary judgment evidence raising a fact issue to defeat the motion.

■ Rule 166–A(c) provides that the party resisting a motion for summary judgment may file and serve opposing affidavits or other written responses to the motion for summary judgment not later than seven days prior to the day of hearing. Wynn's response was not filed within seven days prior to the day of the hearing, and no leave of court was requested or obtained to allow the late filing. An untimely response is the same as no response, and the trial court would be justified in the granting of summary judgment in this case since issues or defenses not presented to the trial court by written motion, answer or other response will not be considered on appeal. *Hidalgo v. Surety Savings & Loan Assoc.*, 462 S.W.2d 540 (Tex.1971). While a summary judgment may not be granted by default, if a motion for summary judgment clearly establishes the movant's right to prevail as a matter of law and no written response contesting the motion is filed, the trial court is authorized to grant the requested relief. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ However, summary judgment is proper in this case even if the untimely response filed by Wynn is considered. True, the affidavit in support of the motion for summary judgment filed by Kensington was signed by Kensington's vice president, who was an interested party in the case. Nevertheless, summary judgment may be based on *uncontroverted* evidence of an interested witness if the evidence is clear, positive and direct, free from contradictions and inconsistencies, and *could have been readily controverted.* Rule 166–A(c). In this case, the response filed by Wynn in no way controverts the assertion by Kensington that it "... only provided the financing for the purchase of the mobile home ..." and that "... Kensington had no involvement in the manufacture of the mobile home ... nor does Kensington have any independent knowledge concerning the veracity of formaldehyde claims being asserted by Martha Wynn ..."

Wynn relies on *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983) and *Knight v. International-Harvester Credit Corp.*, 627 S.W.2d 382 (Tex. 1982) to suggest that lenders can be subjected to liability under the Deceptive Trade Practices Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41, et seq. (DTPA). Such reliance is misplaced under the facts of this case.

Wynn's response to Kensington's motion for summary judgment fails to raise any fact issue sufficient to subject Kensington to liability under either the *Knight* or *Flenniken* case. Nowhere in the response to the summary judgment motion is there any statement of any "tie-in" relationship between Kensington and the retail seller or manufacturer of the mobile home, nor of

**50**

any deceptive trade practice based on the loan itself. Rather, Wynn alleges that "... prior to 1982 manufacturers and purchasers of mobile home retail installment contracts and security agreements had sufficient evidence of the potential dangers of formaldehyde inhalation; nonetheless, no warnings were provided to purchasers of mobile homes."

■ Wynn argues in effect that a lender in Texas providing consumer financing is liable for defects in the product financed in the absence of a proper warning of any potential dangers or defects. Wynn has furnished this Court with no authority in support of her contention and her sole point of error is overruled. The judgment of the trial court is affirmed.