**Christine Marie EVANS and Frank Evans, Appellants,**

v.

**Jack L. CONLEE, et al., Appellees.**

**No. 13–87–076–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Nov. 30, 1987.

---

Cage Wavell, Corpus Christi, for appellants.

R. Scott Fraley, Scott, Douglass, Luton, Austin, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted against a plaintiff in a medical malpractice suit. The trial court granted the summary judgment based upon the statute of limitations in Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 1987). We reverse the judgment of the trial court and remand the case for a trial on the merits.

Appellant first consulted appellee doctor on May 14, 1981, because of non-malignant fibrocyctic masses in both of her breasts. On June 18, 1981, appellee performed a bilateral subcutaneous mastectomy on appellant. Apparently, when the bandages

were removed after this first surgery, appellant's right nipple had sloughed off her breast. On September 14, 1981, appellee performed bilateral reconstruction surgery on appellant. Appellee continued to monitor appellant's progress until January 25, 1982, when appellee last saw appellant at his office. Appellant first filed suit regarding this treatment on July 19, 1985.

In her second amended petition, appellant alleged the following negligent acts by appellee:

a. In failing to take such care and precautions during the breast reconstruction as were necessary to prevent the scarring and disfigurement that resulted;

b. In failing to completely inform [appellant] of all the risks and hazards of doing the breast reconstruction, and explaining all her alternatives;

c. In failing to completely disclose to [appellant] all of the possible effects that her diabetes and smoking could have on the outcome of her breast reconstruction;

d. In continuing to represent to [appellant] that her breasts would improve and that her nipple would grow back in time.

Appellant also alleged that appellee owed her a duty of "continuing attention" which he breached by failing to "follow up with her or to advise her of what could be done to correct the deformity caused by her nipple sloughing off."

Appellee asserted his right to summary judgment based on Article 4590i, § 10.01. The doctor asserted the following timetable which his summary judgment proof supports:

| | |
|---|---|
| Breast Reconstruction Surgery | 9/14/81 |
| Date of Last Treatment | 1/25/82 |
| Statute Ran (at latest) | 1/24/84 |
| Notice of Claim | 5/21/85 |
| Suit filed [first amended petition] | 9/06/85 |

According to appellee, appellant's cause of action was barred because she did not file suit until four years after the reconstruction surgery and three years and eight months after the date he last treated her; that the results of the surgery were evident before the date of last treatment; and that she knew or reasonably should have known of the alleged wrong before the running of the statute in January, 1984.

Article 4590i, § 10.01, provides in relevant part, "Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim ... is completed...." By enacting this provision, with its absolute two-year limitations period, the legislature abolished the discovery rule in cases governed by the act, *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985), subject to the open courts provision of the Texas Constitution. *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985); *Tsai v. Wells*, 725 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). However, Article 4590i, § 10.01, did not abolish fraudulent concealment as an equitable bar to the affirmative defense of limitations under that statute. *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex.1983); *see also Del Rio v. Jinkins*, 730 S.W.2d 125, 128 (Tex.App.—Corpus Christi 1987, writ requested).

Fraudulent concealment is a specie of the doctrine of equitable estoppel. It works to bar a defendant from relying on the statute of limitations as an affirmative defense to a claim where the defendant was under a duty to disclose the existence of a negligent act or injury to the wronged party, but concealed it. The physician-patient relationship imposes such a duty upon a physician. Thus, when a physician conceals a cause of action from a patient, the physician is estopped from relying on the defense of limitations until the patient learns of the cause of action or should have learned about it through the exercise of reasonable diligence.

The estoppel effect of fraudulent concealment ends when a patient becomes aware of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued,

would lead to discovery of the concealed cause of action. Knowledge of such facts is legally equivalent to knowledge of the cause of action.

In order to be entitled to a summary judgment, the movant has the burden to show that no genuine issue of material fact exists, and that he is entitled to judgment as a matter of law. In reviewing a summary judgment, we must consider all evidence favorable to the non-movant as true, and indulge every reasonable inference and resolve any doubt in favor of the non-movant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). When a defendant in a medical malpractice case moves for summary judgment based on the running of limitations, the defendant assumes the burden of showing that the suit is barred by limitations as a matter of law. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). If the defense of limitations is conclusively established and the plaintiff resists the summary judgment by asserting the affirmative defense of fraudulent concealment, the plaintiff then has the burden to produce evidence which raises a fact issue with respect to fraudulent concealment. *See Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977); *Nichols v. Smith,* 507 S.W.2d 518, 521 (Tex.1974).

Appellant responded to the motion for summary judgment by alleging that her true condition was fraudulently concealed from her by appellee, and that she first became aware that she would not improve sometime in December, 1984. To support her response to the motion for summary judgment, appellant submitted her affidavit which states in relevant part:

> Removal of the bandages from my right breast after the June surgery, but before the September surgery, revealed a lack of the right nipple which Dr. Conlee informed me would grow back in about six months. But it did not grow back and so I continued to contact Dr. Conlee's office

about once every six weeks or so and was continually reassured that the nipple would grow back over time and not to worry. Around December, 1984, I was finally told that Dr. Conlee would no longer be in the office. At that time (Dec. 1984) I began to suspect that I had been given false information about my medical condition and so I decided to contact a lawyer.

To support his motion for summary judgment, appellee attached portions of appellant's deposition testimony in which she stated that appellee had told her the nipple would grow back "within about six months." She also stated that, sometime in August, 1981 (before the reconstruction surgery), she consulted another doctor because she was "insecure" about the nipple growing back. She recalled that doctor told her he was not normally involved with that kind of surgery, and could not tell her whether it would grow back or not. Appellant answered affirmatively when asked if she last saw appellee on January 25, 1982. When asked why she had not returned to see appellee thereafter, she replied: "I had tried calling to—within six weeks after that date because my breast condition continued to get worse, and I was told that he would no longer be in the office." [1]

Appellee doctor argues that appellant knew of facts which would have led a reasonably prudent person to make inquiry about the true nature of her unconcealed injuries. Appellee contends that this was conclusively established by the fact that appellant did make inquiry of another doctor about her insecure feeling. However, the evidence is undisputed that this other doctor could not confirm or deny the validity of appellee's representation.

Appellee points to appellant's deposition testimony in which she states that, approximately six weeks after her last office visit, January 25, 1982, she was told appellee would no longer be in his office. According to appellee, appellant should have

---

1. Appellee also submitted, as summary judgment proof, appellant's answers to interrogatories where, in response to an inquiry about the approximate date she last saw appellee as a patient, she answered, "1982 end or first of 1983."

known at that point that appellee had misled her and should have investigated further. Even if appellee did tell appellant that her nipple would grow back within six months, appellee argues that appellant knew this representation was not true by the time of the last office visit.

In her affidavit, appellant clearly, directly, and positively stated that she continued to contact and sought medical advice from appellee until December, 1984, when she was told that appellee would no longer be in the office. In her deposition, she testified that she continued to contact appellee until approximately six weeks after her last office visit. It is well settled that a deposition has no controlling effect over an affidavit and, if conflicting inferences may be drawn from the deposition and the affidavit of the same party, a fact issue is presented. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 562 (1962); *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex.App.—Dallas 1986, no writ); *Jones v. Hutchinson County*, 615 S.W.2d 927, 930 n. 3 (Tex.Civ.App.—Amarillo 1981, no writ); *Proctor v. Southland Life Insurance Co.*, 522 S.W.2d 261, 265–66 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n.r.e.); *cf. Tenowich v. Sterling Plumbing Co.*, 712 S.W.2d 188, 189 (Tex.App.—Houston [14th Dist.] 1986, no writ).

Even in his reply to appellant's response, appellee characterizes appellant's affidavit and deposition testimony as "inconsistent, contradictory," but argues that appellant's proof is, therefore, "insufficient to raise a fact issue" and defeat a motion for summary judgment. Appellant's summary judgment proof unequivocally shows that she had continued contact with appellee's office and was continually assured that her nipple would grow back. We must accept her allegations and proof as true. It would be

improper for us to consider the credibility or the sufficiency of her evidence.

Appellee directs us to *Stephens v. James*, 673 S.W.2d 299 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), as authority for the affirmance of this summary judgment. In that case, the court affirmed a summary judgment based on limitations even though there was a factual discrepency between the plaintiff's summary judgment affidavit and his deposition regarding when he knew of his doctor's fraudulent concealment. Although *Stephens* may be on point, we decline to follow this authority because the court in that case improperly considered the factual sufficiency of the summary judgment evidence. The case clearly states that the plaintiff said in his affidavit that he was not aware of the relevant facts until May 27, 1977. The court next states, "His deposition, however, indicates otherwise." *Id.* at 302. Then the court goes on to consider all the contrary evidence and concludes that the plaintiff knew or should have known of the relevant facts prior to the time attested to in the plaintiff's affidavit. *Id.* at 303.

Appellee also argues that the summary judgment should be affirmed because it is undisputed that the last date of treatment was in January 1982; the physician-patient relationship ended then and so did his duty to disclose. He argues that, since the duty to disclose, which is the basis of fraudulent concealment, flows from the physician-patient relationship, when the relationship ends, the duty to disclose ends, and appellant's claim was barred before she filed suit. *See Borderlon*, 661 S.W.2d at 910 (Barrow, J., dissenting). Again, appellee points to appellant's deposition where she said that she learned appellee was no longer available approximately six weeks after the last office visit.[2] However, her affidavit indicates she did not learn of this fact

2. We have disregarded certain penciled interlineations in appellant's deposition. Someone attempted to "substantively correct" the portion of appellant's deposition, where she made statements regarding her continued contact with appellee's office after January 25, 1982, to conform to the version she gave in her affidavit. Appellant's initials ("CE") appear after each change. These substantive changes were clearly not made by the deposition officer nor does any statement of the reasons given by the witness for making the changes appear in the record as required by Tex.R.Civ.P. 205. Not only do these changes not comply to the appropriate rule of civil procedure, but we do not consider them verified proof, and, thus, they are not proper summary judgment evidence.

until December, 1984. Obviously, an issue of fact exists as to when the physician/patient relationship ended, and whether it was unilaterally severed by appellee as appellant alleges.

As we cannot pass on the credibility of summary judgment proof, we find the evidence in the instant case raises a fact issue whether appellant was aware of facts, conditions, or circumstances which would cause a reasonably prudent person to inquire about the true nature of her condition within six weeks after her last office visit. Whether appellee fraudulently misrepresented the nature of appellant's condition or whether appellant exercised reasonable diligence in discovering and pursuing her claim, are issues only a trier of fact may resolve.

The judgment of the trial court is REVERSED AND the cause is REMANDED for trial.

## OPINION ON MOTION FOR REHEARING

Appellee complains in his Motion for Rehearing that this Court erred in reversing the trial court's summary judgment because our reversal was based upon a fact issue found in appellant's affidavit which was not timely filed. The judgment in the case reflects that appellee's motion for summary judgment was heard on November 24, 1986. Appellant filed her response to the motion and her second amended petition on November 18, 1986. Tex.R.Civ.P. 166–A provides, in part:

> Except on leave of court, with notice to the opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. *Except on leave of court,* the adverse party, *not later than seven days prior to the day of the hearing* may file and serve opposing affidavits or other written response. [emphasis added]

It is clear from the record that the response was not filed timely. The record does not reflect that leave of court to file a late response was requested or granted.

The question before us is how we are to consider the late filed affidavit which was on file in the case when we reviewed the record. The defect was not raised by the appellee in his brief.

■ In a regular case, tried on its merits, it is our duty to sustain the trial court's judgment if it is correct on any theory of law. *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas,* 516 S.W.2d 138, 142 (Tex.1974); *Texas Real Estate Commission v. Howard,* 538 S.W.2d 429, 434 (Tex. Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). However, the presumptions and burden of proof for an ordinary trial are immaterial and are not relevant to the burden that a movant for summary judgment must bear. *Missouri–Kansas–Texas R.R. Co. v. City of Dallas,* 623 S.W.2d 296, 298 (Tex.1981). The burden of demonstrating lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against the movant in our review. *Roskey v. Texas Health Facilities Commission,* 639 S.W.2d 302 (Tex.1982); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

■ Rule 166–A specifically makes it the non-movant's burden to obtain leave of court to file a late response. The rule also provides that the judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue of material fact. A trial court is charged with the duty of only considering the record as it properly appears before it when the motion for summary judgment is heard. *Metze v. Entman,* 584 S.W.2d 512, 515 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). An untimely response has been considered in at least one case as the same as no response at all. *Wynn v. Kensington Mortgage and Finance Corp.,* 697 S.W.2d 47, 49 (Tex.App.—Austin 1985, no writ).

The rule clearly places the burden on the party seeking the late filing to obtain leave

of court. There is no indication that leave to file was granted. We therefore presume, (since there was no mention of the affidavit in the judgment), that the trial court did not consider appellant's affidavit in granting appellee's motion for summary judgment. It would be improper of us to resolve this procedural issue in favor of appellant, given the clear mandate of Rule 166–A. This is in accordance with the rule and a plethora of case law which establish that we must resolve all doubts against the movant. We interpret Rule 166–A to mean that the trial court need only consider the evidence which was *properly* before it at the time the motion for summary judgment is heard. Likewise, it is proper for us to review only the evidence which was *properly* before the trial court at the time of hearing. We now hold that appellant's affidavit should not have been considered as summary judgment evidence.

However, it is still appellee's burden to show his entitlement to summary judgment as a matter of law. Appellee moved for summary judgment based upon the statute of limitations in Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1987). His summary judgment evidence supports the following timetable:

| | |
|---|---|
| Breast Reconstruction Surgery | 9–14–81 |
| Date of last treatment | 1–25–82 |
| Statute Ran (at latest) | 1–24–84 |
| Notice of Claim | 5–21–85 |
| Suit filed [first amended petition] | 9–06–85 |

Article 4590i, § 10.01, provides, in part, "notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim ... is completed ...".

■ To support appellee's motion for summary judgment, he attached portions of appellant's deposition. In it, appellant stated that appellee doctor told her her nipple would grow back "within about six months." At one point in her deposition, appellant said she tried calling within about six weeks after that date because her condition was worse, but she was told he was no longer in the office. Later in her depo-

sition, she testified that on numerous occasions since the implant surgery she tried to get in contact with Dr. Conlee and eventually she was told he was no longer available. She said within a few months after that she decided something needed to be done. This testimony was in response to a question inquiring why she waited until June 1985 to reach a decision to sue Dr. Conlee. We find that this testimony, although it may conflict with another portion of her deposition, is sufficient to raise a fact issue as to whether appellant was aware of facts, conditions, or circumstances which would cause a reasonably prudent person to inquire about the true nature of her condition.

Appellee has established as a matter of law that the suit was barred by limitations, which was his burden under law. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983). In response, it was appellant's burden to support the allegations by which she sought to avoid the defense of limitations. *Nichols v. Smith,* 507 S.W.2d 518 (Tex. 1974). The non-movant plaintiff, relying on a fraudulent concealment theory to avoid a summary judgment based upon an affirmative defense, has the burden of coming forward with proof raising a fact issue on its theory. This she did. The aforementioned evidence is sufficient to raise a fact issue.

Appellee's motion for rehearing is overruled.