C.W. "Cliff" CASSIDY, Jr., Appellant,

v.

NORTHWEST TECH CENTER ASSOCIATES, LTD., by NOVA DEVELOPMENT CO., Agent, Appellee.

No. 05–89–00306–CV.

Court of Appeals of Texas, Dallas.

Jan. 15, 1990.

Rehearing Denied Feb. 20, 1990.

Dan S. Boyd, Dallas, for appellant.

Aimee Hess, Dallas, for appellee.

Before WHITHAM, ROWE, and WHITTINGTON, JJ.

## OPINION

ROWE, Justice.

C.W. "Cliff" Cassidy, Jr., appeals from a summary judgment fixing his liability as guarantor on two leases of commercial premises and awarding damages against him in favor of the landlord, Northwest Tech Center Associates, Ltd., by Nova Development Co., Agent. Cassidy contends in two points of error that the summary judgment was improper because both the pleadings and the proof of the landlord failed to establish beyond dispute that his guaranty applied to these leases. In two additional points, he contends that material fact issues were raised as to the landlord's failure to mitigate damages and to allow all lawful credits and offsets. We overrule all points of error and affirm.

In his first two points of error, Cassidy complains about a fatal lack of certainty in the landlord's pleadings and proof as to which of the leases in question, if any, his guaranty related. Cassidy construes the landlord's pleadings as seeking a recovery only under a single guaranty of a single lease. We cannot agree with this construction. The landlord's petition references two real estate leases attached thereto as Exhibits A and B and alleges that Cassidy "signed and caused to be executed a guaranty for the nonpayment of rent" on these leases as evidenced by that "copy of such guaranty" which is included in Exhibits A and B. The last page of each lease contains a "guaranty" identical in all respects but clearly bearing separately affixed dates and signatures. Cassidy's first amended answer and his response to the landlord's summary judgment motion do not complain of any variance between the recitations in the body of the petition and the two attached exhibits. Because we conclude that Cassidy's liability on the guaranty for the tenant's obligations under both leases was subject to adjudication under these responsive pleadings, Cassidy has not preserved for appellate review the issues which he now asserts as grounds for reversal in his first and second points of error. Issues not expressly presented to

the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX.R. CIV.P. 166a(c).

The landlord's motion for summary judgment sought to adjudicate the landlord's current claim against Cassidy for that part of the rental payments owed to date by the tenant under the two leases which Cassidy allegedly guaranteed or, alternatively, to determine Cassidy's liability for all payments due and to become due under both leases. The motion was supported by the pleadings on file, together with attached exhibits and an affidavit from Randy White, an officer of the leasing agent. Two days before the date set for hearing, Cassidy filed a motion for continuance and an affidavit from Michael O. Cassidy, presumably a family member, who purported to aver in two separate capacities as chairman of the board of the tenant, C & S X–Otica, Inc., and as president of another corporation, C & S Exotica, Inc. This affidavit dealt with an aborted attempt by C & S Exotica, Inc. to lease an unspecified amount of space then under lease to C & S X–Otica, Inc. and an unwarranted demand by landlord for a cash deposit from tenant as a precondition for the construction finishout of the premises. One day before the hearing date, Cassidy filed a motion for leave to file both the affidavit in question and a first amended original answer. In this amended answer, Cassidy raised as a defense on his guaranty the obtaining of a substitute tenant which he was contractually permitted to do in mitigation of damages.[1] For a defense on the leases, he relied on the tenant's right of rescission by virtue of a deceptive trade practices violation related to the improper deposit demand. As a result of these filings, the hearing on the landlord's summary judgment motion was canceled and reset for January 21, 1987, two weeks later.

In response to Cassidy's most recent pleadings and proof and prior to the rescheduled hearing date, the landlord filed an affidavit from Grady Jordan, the president of the leasing agent. The Jordan affidavit averred that Cassidy had executed the two guarantees in question guaranteeing the tenant's liability under the two leases in question. It also discounted the averments of Michael O. Cassidy by explaining that the proposal of C & S Exotica, Inc. covered less than half the leased space on far less favorable terms and that the deposit demand was to satisfy lawful obligations imposed upon the tenant by the terms of the leases. Over a month later, on March 10, 1987, the trial judge wrote a letter to the parties stating that he had determined that the motion for summary judgment should be granted because there was no showing that Cassidy, as guarantor, had himself "obtained" a substitute tenant and because there was no showing that the tenant had tendered back to the landlord those received benefits whose return was prerequisite for obtaining rescission of the leases. The judge requested preparation of an appropriate judgment which, if in proper form, would be signed promptly. No such formal judgment appears of record. We note at this point that the pleadings and summary judgment proof then before the court entitled the landlord to a partial summary judgment as to Cassidy's liability for all rental payments due from tenant under both leases, even if full summary judgment was not then sustainable as to the amount of the tenant's liability. The burden was on Cassidy to come forward with some summary judgment proof impugning his guaranty of both leases, but nothing in Michael O. Cassidy's affidavit relates materially to this issue. The affidavit relates solely to the amount of damages recoverable under the guaranty agreements—not to their viability. We also note at this point that the entry of any formal order confirming the terms of this letter would have been interlocutory.

In his brief, Cassidy relies not upon his pleadings and proof filed prior to the March 10th letter of the court but upon materials filed several months later. On

---

1. The contractual right asserted by Cassidy arose from this provision in the guaranty: "Paragraph 15 of the Lease Agreement shall not apply to the undersigned who may obtain substitute tenants to mitigate any damages caused by Tenant's non-payment of rent."

August 6, 1987, the landlord filed a "motion for final summary judgment," amended a few days later, which incorporated "the partial summary judgment previously issued by the court" and sought to have adjudicated the amount of tenant payments due under the two leases after all lawful credits were allowed, including rentals payable by new tenants to whom the premises had recently been relet. The affidavit of the landlord's leasing agent, Randy White, was supplemented to include current calculations showing the itemized rentals due and the itemized credits allowed. Timely thereafter, Cassidy filed a response and a second amended original answer reasserting and enlarging on his two initial defenses, the one which involved his compliance with the exculpatory provisions of the guaranty and the other which involved the tenant's right to rescind the leases for deceptive trade practice violations. This amended answer further questioned whether the landlord's alleged allowance of credits had included payments made through the tenant's bankruptcy proceedings. This "final" summary judgment motion was scheduled for a hearing on September 1, 1987, but was not reached until September 29, 1987. Over two weeks after the scheduled hearing date, but more than seven days before the actual hearing, Cassidy filed further amendments. These matters were incorporated into a third amended original answer and a response to the landlord's "final" summary judgment motion and were supported by a supplemental affidavit from Michael O. Cassidy and an original affidavit from Cassidy himself. These belated pleadings and proof questioned the existence of any prior partial summary judgment covering Cassidy's liability on the guaranty of both leases and contained sworn denials *for the first time* impugning Cassidy's execution of any viable guarantees and claiming failure on the landlord's part to mitigate damages by exercising reasonable diligence to relet the premises.

Over a year later, by an interlocutory judgment signed on January 17, 1989, the trial judge confirmed "the previous order of this court granting plaintiff's motion for summary judgment as to the fact of defendant's liability" and granted the landlord's motion for "final" summary judgment fixing the full amount of all rentals payable by the tenant under the leases and reserving for later trial on the merits the amount of excess operating expenses and landlord's attorney fees owed by tenant. On the same date, the trial judge wrote another letter to the parties detailing the procedural history of the case, confirming that in determining the issue of Cassidy's liability for guaranteeing both leases, the court had considered no pleadings or proof filed after February 4, 1987, the date set for briefing at the January 21st hearing. It is clear from the record that the original summary judgment motion addressing Cassidy's liability on his guaranty of both leases was heard on January 21, 1987, and that the trial judge refused to accept any materials bearing on the guaranty issue filed after February 4, 1987, leave of court for filings after that date on the guaranty issue being expressly denied.

To condemn the trial court's refusal to consider matters that were in the court's files before any formal rendition was had on either of the two summary judgment motions, Cassidy relies upon authorities which are not controlling. These authorities fall into two categories. The first category pertains to informal court action dealing with final determinations; this category does not pertain to interlocutory rulings such as are involved here.[2] The second category pertains to late filed materials which were nonetheless available for the court's consideration at the time of the scheduled hearing; this category does not pertain to materials first made available during the period between the hearing date

---

2. *Goff v. Tuchscherer,* 627 S.W.2d 397 (Tex. 1982); *Marulanda v. Mendez,* 501 S.W.2d 366 (Tex.Civ.App.—Dallas 1983, writ ref'd n.r.e.); *Frank v. Kuhnreich,* 546 S.W.2d 844 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.); *Ex* *parte Gnesoulis,* 525 S.W.2d 205 (Tex.Civ.App.— San Antonio [14th Dist.] 1975, no writ); *Tejas Trail Property Owners Ass'n v. Holt,* 516 S.W.2d 441 (Tex.Civ.App.—Fort Worth 1974, no writ).

and the date of rendition.[3] We note that, unlike the facts in the cited cases, this record affirmatively discloses that the trial judge refused to accept any materials filed out of time. We also note that those materials upon which Cassidy must rely in order to avoid liability under his guaranty were not filed until the scheduled hearing dates on both summary judgment motions had passed.

█ Our procedural rules governing summary judgment motions sanction the rights of a trial judge both to base his decision thereon solely upon materials timely filed and to grant a partial summary judgment on the sole issue of liability.[4] Indeed, a trial judge can consider no more than the record before him when the motion is heard. *Metze v. Entman,* 584 S.W.2d 512, 515 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). To control late filings in summary judgment proceedings, the trial judge has broad discretion in setting reasonable deadlines. *See Traweek v. Radio Brady, Inc.,* 441 S.W.2d 240, 243 (Tex.Civ.App.—Austin 1969, writ ref'd n.r. e.). Also, a movant is entitled to an interlocutory order when he demonstrates that he is entitled to part, if not all, of the relief he seeks. *Texas United Ins. v. Burt Ford Enter.,* 703 S.W.2d 828, 832 (Tex.App.—Tyler 1986, no writ).

█ The one formal interlocutory judgment in this record memorializes both an earlier informal interlocutory order on the issue of Cassidy's liability under his guaranty and an interlocutory order on the issue of the total lease payments for which the tenant was liable, excluding excess operating expenses and the landlord's attorney fees. We held above that the landlord was entitled to a partial summary judgment with respect to Cassidy's liability on his guaranty under the record before the trial court at the initial hearing on that issue. In his brief under the first two points of error, Cassidy appears not to question this result. Instead, he takes the position that the filing deadline imposed by the trial judge with respect to the initial hearing cannot apply to the later hearing because no formal order was then of record disposing of the first summary judgment motion. Thus, the legal question presented for our determination is whether, in the contract case before us, the issue of the guarantor's liability under his guaranty and the issue of the tenant's liability under the leases can be adjudicated piecemeal at separate hearings under separate summary judgment motions which isolate the proof presented at one hearing from the proof presented at the other. We are aware of no prohibition in this regard, and our research has uncovered no prior decisions condemning this approach. We conclude, therefore, that the provisions for partial summary judgment in rule 166a, coupled with the inherent power of a trial court to

---

3. *City of Coppell v. General Homes Corp.,* 763 S.W.2d 448, 452 (Tex.App.—Dallas 1988, writ pending); *Brooks Fashion Stores, Inc. v. Northpark National Bank,* 689 S.W.2d 937, 940 (Tex. App.—Dallas 1985, no writ).

4. The pertinent provisions of the rule follow: The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response and (ii) the pleadings, admissions, affidavits, stipulations of the parties and authenticated or certified public records, if any, *on file at the time of the hearing or filed thereafter and before judgment with permission of the court,* show that except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex.R.Civ.P. 166a(c) (emphasis supplied).

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Tex.R.Civ.P. 166a(d).

control its docket, sufficiently warrants this practice. Accordingly, because there is no showing that the trial judge abused his discretion in imposing the filing deadline of February 4, 1987, with respect to the issue of the guarantor's liability on the guaranty, we overrule Cassidy's first and second points of error.

■ In his third point of error, Cassidy complains that the summary judgment was improperly granted because the summary judgment proof raised a fact issue as to the landlord's failure to mitigate damages by reletting. In his brief under this point, Cassidy addresses both the right available to the tenant by virtue of its status under the lease and the separate contractual right granted to him under the guaranty.

In support of the tenant's right, he cites only *Brown v. RepublicBank First National*, 766 S.W.2d 203 (Tex.1988). He urges that certain language used by five justices of the supreme court on that occasion should cause us to reconsider our Court's holding that no such duty to mitigate exists in the common law. *Metroplex Glass Center, Inc. v. Vantage Properties, Inc.*, 646 S.W.2d 263 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). We decline to accept Cassidy's invitation, believing that our Court's decision is well bottomed on precedent.

In support of his contractual right, Cassidy relies upon the special provision in the guaranty dealing with mitigation. *See supra* note 1. For summary judgment proof raising a fact issue as to the applicability of this provision, Cassidy relies upon the supplemental affidavit of Michael O. Cassidy and upon his own affidavit. Both these affidavits, however, were filed long after the first summary judgment hearing had fully addressed the extent of Cassidy's liability under the guaranty, including his asserted defense under this provision. Having held that the issue of liability on the guaranty was correctly determined based upon materials before the court at the first summary judgment hearing, we overrule Cassidy's third point of error.

■ By his fourth point of error, Cassidy seeks to overturn the entire damage award because of an asserted dispute in the summary judgment proof with respect to the landlord's failure to allow the tenant credit of approximately $3,500 which tenant claimed to have expended to correct heating and air conditioning problems on the leasehold premises. These expenditures are referred to only in the supplemental affidavit of Michael O. Cassidy filed after the scheduled second summary judgment hearing in conjunction with Cassidy's third amended answer. In that last answer, as well as in the preceding answer, Cassidy pleaded for offsetting payments with respect to three different itemized amounts, all of which clearly appear as allowed offsets in the landlord's affidavit upon which the trial court's damage finding was based. Rule 95 of the Texas Rules of Civil Procedure requires that a defendant seeking to prove payment shall file an account stating distinctly the nature of the payment claimed. Under that rule, proof of payments not so scheduled are expressly disallowed. Because this record establishes beyond dispute that all offsetting payments properly pleaded by Cassidy were allowed by the landlord, Cassidy's fourth point of error is overruled.

The summary judgment granted by the trial court in favor of landlord is affirmed.