**Julian MILLER, Individually and as Administrator of the Estate of Julian Walter Miller, Deceased, Appellant,**

v.

**PROVIDENCE MEMORIAL HOSPITAL, Spectrum Emergency Care, Inc. and Dr. Gary Monroe, Appellees.**

**No. 11–85–013–CV.**

Court of Appeals of Texas, Eastland.

April 25, 1985.

Rehearing Denied May 23, 1985.

Patrick L. Quinn, El Paso, for appellant.

Malcolm Harris, Grambling & Mounce, Frank Feuille, IV, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

Opinion

RALEIGH BROWN, Justice.

This is a summary judgment case. Julian Miller filed suit against the Providence Memorial Hospital, Spectrum Emergency Care, Inc. and Dr. Gary Monroe alleging a wrongful death action. The court granted

a summary judgment on the basis of limitation. Miller appeals. We affirm.

On December 31, 1980, Julian Walter Miller was taken to Providence Memorial Hospital's emergency room. Miller had been complaining of chest and abdominal pains. He was examined at the emergency room by Dr. Gary Monroe. Upon completion of the examination, Miller was sent home. He continued to have the chest and abdominal pains after returning home. On January 7, 1981, Miller died. The cause of death was listed as cardio respiratory arrest and aspiration pneumonia. An autopsy revealed that Miller's right lung had moderate to severe emphysema. The appellant, Julian Miller, son of the decedent, filed a wrongful death suit on January 7, 1983, against Providence Memorial Hospital, Spectrum Emergency Care, Inc. and Dr. Gary Monroe.

Appellant's sole point of error urges that the trial court erred in granting the appellees' motion for summary judgment on the basis of limitation. Appellant argues that limitation was tolled because of the discovery rule and fraudulent concealment.

■ The issue on appeal is whether the movants established that no genuine issue of material fact exists as to their defense. *Delgado v. Burns,* 656 S.W.2d 428 (Tex. 1983); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979). By moving for summary judgment, the appellees assumed the burden of showing as a matter of law that the suit was barred by limitation. *Delgado v. Burns,* supra; *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975).

TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 10.01 (Vernon Supp.1985) provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed *within two years* from the occurrence of the breach or tort or from the date the medi-

cal or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. (Emphasis ours)

■ It is undisputed that the instant lawsuit was filed two years and one week from the date of the medical treatment. The cause of action is founded upon an alleged misdiagnosis. Appellant's reliance on *Nelson v. Krusen,* 678 S.W.2d 918 (Tex. 1984), is misplaced. The Supreme Court, in *Nelson,* held the two-year statute of limitation to be unconstitutional, under the open courts provision, *to the extent* that it cut off an injured person's right to sue before that person had a reasonable opportunity to discover the wrong and bring suit. In *Nelson,* the child's birth defect could not be detected until the child had grown beyond age two. Hence, limitation would have run as to the parents' lawsuit prior to detection of the misdiagnosis. In the instant case, Miller died one week after such diagnosis was made. There is no showing that plaintiff did not, or reasonably could not, discover the alleged injury within the two-year limitation period. There is no summary judgment proof that Miller's injuries were not immediately discoverable. Therefore, the holding of *Nelson v. Krusen,* supra, is not applicable to the instant case. This case is clearly controlled by the two-year statute of limitation.[1] Further, *Nelson* addressed a constitutional issue. Its holding concerned the constitutional aspect of the statute as applied to the particular set of facts. No constitutional question is before this Court in the instant case.

■ Appellant further urges that the doctrine of fraudulent concealment is appli-

---

1. Compare *Bradford v. Sullivan,* 683 S.W.2d 697 (Tex.1985) and *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985), where the Court applied the *Nelson v. Krusen,* supra, holding to "sponge" cases where the plaintiffs did not discover, and could not reasonably have discovered, their injury within two years of the alleged malpractice. Such inability to detect was not present in the instant case.

cable to bar the running of the two-year statute of limitation.

TEX.R.CIV.P. 166–A(c) provides in pertinent part:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

Plaintiff neither properly pleaded nor proved fraudulent concealment. Merely asking the court, in a letter addressed to the trial judge, to consider fraudulent concealment does not comply with TEX.R. CIV.P. 166–A. Therefore, appellant has failed to preserve this complaint. *Jean v. Jones*, 663 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The point of error is overruled.

The judgment of the trial court is affirmed.