**Cynthia REED, Appellant,**

v.

**Jerold H. WERSHBA, D.P.M., Appellee.**

**No. C14–84–884–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 1, 1985.

Eric C. Hixon, Houston, for appellant.

John P. Venzke and Greg Denlinger of Gustafson & Venzke, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Cynthia Reed, plaintiff below, appeals a summary judgment in favor of appellee sustaining his plea of limitations in a medical malpractice suit. Appellant asserts in four points of error that article 4590i section 10.01 of the Texas Civil Statutes is unconstitutional and that the trial court's actions in overruling her motion for new trial violated the due process and equal protection clauses of the Texas and United States constitutions. We affirm.

Appellant filed suit April 2, 1984, alleging instances of malpractice arising out of surgical procedures performed by appellee, a podiatrist, on February 9, 1982. The petition (as we interpret it) alleges that appellee failed to diagnose and remove a neuroma located between her fourth and fifth toes of her left foot and performed an arthroplasty on the fifth toe of her left foot without her informed consent.

Appellee's last treatment of appellant was March 1, 1982. Appellant's last contact with appellee concerning the surgery was by telephone on March 2, 1982. From her own affidavits in opposition to the motion for summary judgment the record shows appellant learned of the unauthorized arthroplasty five weeks after the surgery by appellee. She learned of the failure to remove the neuroma on January 3, 1983, the day a second doctor surgically removed a neuroma between her fourth and fifth toes of her left foot. (Appellant's affidavit contains several typographical errors in the dates involved, but the medical records attached to the affidavit establish the date of the second surgery.)

Appellant's attorney mailed appellee the statutorily required notice of claim by a letter dated March 7, 1983.

Appellee moved for summary judgment asserting that the statute of limitations for this medical malpractice action ran on March 1, 1984, citing Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Medical Liability and Insurance Improvement Act) (Vernon Supp. 1985). The record reflects that appellant's opposition to the motion for summary judgment was originally based on the theory that the statute of limitations did not begin to run until discovery of the malpractice. The summary judgment hearing was held on August 14, 1984. Before the court signed the judgment, appellant moved for a new trial on September 14, 1984, urging that article 4590i section 10.01 is unconstitutional and denies appellant equal protection under the laws. The motion for new trial was denied by an order signed October 11, 1984. Appellant filed a motion for rehearing on her motion for new trial November 2, 1984, which was denied by written order signed December 18, 1984. The motion for rehearing urged the court to reconsider its decision in light of the October 17, 1984, decision on rehearing by the Texas Supreme Court in *Nelson v. Krusen,* 678 S.W.2d 918 (Tex.1984).

■ Because appellant did not bring her issues regarding constitutionality of the statute and equal protection before the trial court until after the summary judgment hearing she probably is precluded from raising those issues on appeal. Rule 166–A(c) provides that objections to the summary judgment motion must be in writing and before the trial judge at the hearing. Tex. R.Civ.P. 166–A(c). *See Klafehn v. Fain,* 643 S.W.2d 227 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). However, in *Delgado v. Burns,* 656 S.W.2d 428 (Tex.1983), the supreme court reversed a decision of this court and accepted a legal theory first raised by appellant on motion for rehearing

in the court of appeals. Therefore we will consider appellant's arguments.

█ In her first point of error appellant apparently is arguing that the trial court erred in granting summary judgment without considering her controverting affidavit. There is no indication in the record that this is so. Even if the trial court did fail to consider the affidavit, the error was harmless because, accepting all of appellant's asserted facts as true, the cause of action is barred by the applicable statute of limitations. The first point of error is overruled.

The applicable statute provides:

Sec. 10.01. Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed....

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1985).

█ Appellant asserts that the holding in *Nelson v. Krusen*, 678 S.W.2d 918 (Tex. 1984), renders section 10.01 unconstitutional and necessitates the re-application of the discovery rule so that her cause of action could be filed up to two years after January 3, 1983, the date of her second surgery.[1]

The supreme court has not held that section 10.01 is unconstitutional as applied to appellant. In *Nelson v. Krusen*, the plaintiffs could not have reasonably discovered the alleged malpractice until more than two years after the last treatment. Appellant admits that she discovered appellee's alleged malpractice about 10 months after her last treatment. She had a full 13 months in which to file her lawsuit before the limitation period ran. In fact, the supreme court specifically limited its ruling to situations in which application of the statute would cut off an injured person's right to sue before the person has a reasonable opportunity to discover the injury and bring suit.

Neither *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983), nor *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977), is to the contrary. In both cases, the adult litigants discovered their injuries while there was still a reasonable time to sue. In both cases the parties had over one year from the date the injuries were discovered, even if the two year limitations period was not tolled. The statutes of limitation were not unconstitutional as applied to the parties in *Sax* and *Robinson;* hence, there was no reason to strike down the statutes merely because they might operate in an unconstitutional manner in another case.

*Nelson v. Krusen*, 678 S.W.2d at 923. This case is controlled by the two-year statute of limitations. *Miller v. Providence Memorial Hospital*, 690 S.W.2d 335 (Tex.App. —Eastland 1985, writ pending).

█ Under her equal protection argument appellant complains that application of the statute is unconstitutional because those plaintiffs whose circumstances are similar to the Nelsons' are given greater rights than appellant in that they have more than two years to file suit. The supreme court has ruled only that a plaintiff who should not have discovered the injury until after the statute's two-year limit can maintain a suit filed within a reasonable time after discovery of the injury. What amounts to a reasonable time has yet to be decided. *See Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985) (Robertson, J. concurring). In this instance there is no question that appellant had a reasonable time after discovery to file suit and still fall within the applicable statute. She has been accorded the same rights as other individuals with medical malpractice claims. Points of error two, three and four are overruled. The judgment is affirmed.

---

1. We note in passing that the discovery rule was never applied to causes of action alleging misdiagnosis. Part of appellant's suit seems to allege failure to diagnose as a ground of recovery. *See Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977).