**Wun-Yi TSAI, Appellant,**

v.

**Regina Suzette Wright WELLS and Her Husband, Glenn Wells, Appellees.**

**No. 13–86–124–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Rehearing Denied Feb. 19, 1987.

Steve Gonzalez, Ryan & Marshall, Houston, for appellant.

Lawrence Madigan, Moriarity & Madigan, Houston, and Bruce E. Anderson, Davis & Davis, P.C., Austin, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellees brought suit against appellant [1] for medical malpractice. After a trial to a jury, appellees recovered $319,000.00 as damages, $590,000.00 in exemplary damages, and prejudgment interest of $119,863.65. Appellant brings six points of error. We affirm the judgment of the trial court.

Appellant was appellee Regina Wells' gynecologist from late 1977 until September of 1981. In 1979, Regina Wells complained to appellant of pain in her lower right pelvic region. On March 10, 1980, appellant performed a laparoscopic examination upon Regina Wells. Based upon this examination, appellant diagnosed Regina Wells as having lacerations of the broad ligament. Appellant proceeded with an exploratory laparotomy and repaired lacerations in the anterior and posterior broad ligaments. In 1982, appellant moved to California and Regina Wells began using Dr. Wallis as her gynecologist. In October of 1982, Dr. Wallis informed Regina Wells of possible complications due to appellant's broad ligament repair. On February 27, 1983, Regina Wells was taken to Gulf Coast Medical Foundation's emergency room for severe pelvic pain. On March 3, 1983, Dr. Wallis diagnosed Regina Wells as suffering from pelvic inflammatory disease, and on April 28, 1983, he performed surgery to treat the infection. Appellees allege that the operation performed by appellant on March 10, 1980, and specifically the use of silk sutures in repairing the broad ligament lacerations, was negligent and resulted in Regina Wells' pelvic inflammatory disease.[2] The pelvic inflammatory

---

1. Matagorda General Hospital was also a defendant in the original lawsuit, but is not a party to this appeal.

2. Underlying this controversy is a question regarding the necessity of this operation. The evidence shows that appellant performed between forty and fifty broad ligament laceration operations over an eighteen-month period. The frequency with which appellant performed this operation in Bay City was significantly higher than any other place in the United States; so much so, that Matagorda General Hospital prohibited appellant from performing this operation in the summer of 1980.

disease necessitated the removal of Regina Wells' right tube and ovary and caused scarring to the left tube and ovary.

On July 20, 1983, appellees gave notice, pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(a) (Vernon Supp.1986), of their health care liability claim. Appellees filed suit on October 11, 1983, which was three years, four months, and eighteen days after the date of the medical treatment for which the claim is made.[3]

Appellant, by his first point of error, complains that the trial court erred in overruling appellant's motion for directed verdict based on the applicable statute of limitations. The Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 1986), provides that:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

"The Legislature enacted the Medical Liability and Insurance Improvement Act to alleviate a perceived medical malpractice insurance crisis in the state of Texas.Art. 4590i, § 1.02. In an effort to accomplish this goal, the legislature adopted an absolute two-year limitations period." *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). Thereby, the legislature abolished the discovery rule in cases governed by the Medical Liability Act. *Id.* However, the open courts provision of the Texas Constitution protects a person from legislative acts that abridge the right to sue before that person has a "reasonable opportunity to discover the wrong" and bring suit.

*Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985); *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984); Tex. Const. art. I, § 13.

The open courts provision creates a modified discovery rule. If a claimant has a reasonable opportunity to discover the wrong within the two-year limitation period, then the two-year limitation is absolute and the limitation period will not be tolled despite the date of discovery of the injury. *See Morrison v. Chan*, 699 S.W.2d at 208. If a claimant does not have a reasonable opportunity to discover the wrong within the two-year limitation period, then section 10.01 of article 4590i violates the open courts provision of the Texas Constitution and the cause of action is not barred by limitations. *See Nelson v. Krusen*, 678 S.W.2d at 923.

There is sufficient evidence to support the jury's finding that Regina Wells did not have a reasonable opportunity to discover the wrong until April 28, 1983. Although Regina Wells testified that pain returned to her pelvic region within three months of the operation, she testified that she reported this to appellant as she continued using him as a gynecologist for eighteen months following the surgery. Appellant testified that he found no post-operative complications, and that Regina Wells did not report any post-operative pain. Dr. Wallis testified that the silk sutures, which create an inflammatory reaction and produce the potential for infections, were the cause of Regina Wells' pelvic inflammatory disease. Dr. Wallis determined this based upon the operation he performed on April 28, 1983.

■ Therefore, since Regina Wells did not have a reasonable opportunity to discover the wrong within the two-year limitation period, the open courts provision of the Texas Constitution prevents this cause of action from being barred by the absolute two-year limitation. *See Nelson v. Krusen*, 678 S.W.2d at 923; Tex. Const. art. I, § 13. We overrule appellant's first point of error.

---

3. This computation provides for the 75–day tolling of the applicable statute of limitations, as provided by Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(c) (Vernon Supp.1986).

Appellant, by his second and third points of error, complains that the trial court erred in excluding evidence that Regina Wells had contact with gonorrhea.

Following the surgery performed by appellant, in September of 1980, Regina Wells reported to appellant that she had sexual contact with a person infected with gonorrhea.[4] Dr. Wallis and appellant agree that gonorrhea can cause pelvic inflammatory disease. In fact, the two major causes of pelvic inflammatory disease are surgical operations and infections. Gonorrhea comes within the realm of infections. Further, appellant stated that *if* Regina Wells had gonorrhea, that gonorrhea could have caused the pelvic inflammatory disease. Appellant based this opinion on reasonable medical probability. However, there was no evidence in the record that Regina Wells had *contracted* gonorrhea. When Regina Wells reported the "contact" to appellant, he gave her medication but did not take a culture to determine whether she ever contracted the infection. The only culture was done in 1983, three years later, and proved negative.

■ The question before us is whether there is a distinction between a reasonable medical probability and a medical possibility. A possible cause becomes "probable" when, based upon the facts of the case, it becomes more likely than not that the injury was a result of its action. *Parker v. Employers Mutual Liability Insurance Co.*, 440 S.W.2d 43, 47 (Tex.1969). In the instant case, appellant is unable to testify that the sexual contact with a person infected with gonorrhea caused the injury (pelvic inflammatory disease). Rather, appellant can only testify that *contracting* gonorrhea could cause the injury, and there is no evidence that Regina Wells contracted gonorrhea. Therefore, the inference that would result from appellant's testimony would be no more than speculation and conjecture. *See Otis Elevator Co. v. Wood*, 436 S.W.2d 324, 331 (Tex.1968). Appellant's conclusion is not a probable cause because he is unable to say that it is more likely than not that the pelvic inflammatory

disease was a result of sexual contact with a person afflicted with gonorrhea.

Because mere contact with a person afflicted with gonorrhea does not cause pelvic inflammatory disease and since there is no evidence that Regina Wells contracted gonorrhea, the trial court properly excluded all evidence regarding gonorrhea. Appellant's testimony, as an expert, did not express a reasonable probability, but merely pure conjecture because it was conditioned "if Regina Wells contracted gonorrhea." We overrule appellant's second and third points of error.

Appellant, by his fourth point of error, complains that the trial court erred in rendering judgment against him because there is no evidence or, in the alternative, insufficient evidence to support the jury's finding that he was grossly negligent.

■ Gross negligence, as applied in medical malpractice cases, is "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." *Hood v. Phillips*, 554 S.W.2d 160, 166 (Tex.1977). There is sufficient evidence to support the jury's finding. Dr. Wallis testified that the use of silk sutures created fibrous scar tissue. Further, silk sutures, due to the scarring, are not used in women wishing to maintain their fertility, such as Regina Wells. Coupled with the use of silk sutures by appellant, Dr. Wallis testified that he did not see any medical condition or reason which justified the surgery by appellant. We overrule appellant's fourth point of error.

■ Appellant, by his fifth point of error, complains that the jury finding for exemplary damages is excessive. The jury awarded $590,000.00 as exemplary damages. The Supreme Court has held that:

Factors to consider in determining whether an award of exemplary damages is reasonable include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpabili-

4. All the testimony regarding gonorrhea is contained in appellant's bill of exception.

ty of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice in propriety.

*Tatum v. Preston Carter Co.*, 702 S.W.2d 186, 188 (Tex.1986) (quoting *Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 Tex.1981)). Applying these factors to the facts of this case, such as the necessity of the operation, the extensive damage done to Regina Wells' reproductive organs, and the possibility of infertility, the jury's award of exemplary damages is reasonable. We overrule appellant's fifth point of error.

■ Appellant, by his sixth point of error, complains that the trial court erred in not limiting the judgment to $500,000.00.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 11.-02(a) (Vernon Supp.1986) provides:

In an action on a health care liability claim where final judgment is rendered against a physician or health care provider, the limit of civil liability for damages of the physician or health care provider shall be limited to an amount not to exceed $500,000.

This is an affirmative defense and must be pled. Appellant failed to plead this section and, therefore, waives the right to complain of this limitation on appeal. Tex.R. Civ.P. 94.

Further, this Court has held section 11.-02(a) to be unconstitutional. *Brownsville Medical Center v. Gracia*, 704 S.W.2d 68, 80 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Detar Hospital, Inc. v. Estrada*, 694 S.W.2d 359, 366 (Tex.App.—Corpus Christi 1985, writ dism'd by agr.). We overrule appellant's sixth point of error.

The judgment of the trial court is AFFIRMED.