**Roberto DEL RIO, Appellant,**

v.

**Roger E. JINKINS, M.D. and Valley Radiologists & Associates, Appellees.**

**No. 13–86–400–CV.**

Court of Appeals of Texas, Corpus Christi.

April 16, 1987.

Rehearing Denied May 14, 1987.

Russell H. McMains, Corpus Christi, J. Thomas Rhodes, III, San Antonio, for appellant.

Paul Green, San Antonio, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

In this medical malpractice case, Roberto Del Rio appeals from a summary judgment granted in favor of his doctor and the medical group of which his doctor was a member. The summary judgment was granted solely on the ground that Del Rio filed his suit outside the statutory limitations period. Because a fact issue exists on whether or not Del Rio knew or should have known that his injury was allegedly caused by Dr. Jinkins' negligence, we reverse and remand this case for trial.

Del Rio alleged in his petition that Dr. Jinkins negligently performed radiation treatment on him which led to severe stomach problems. In his deposition, Del Rio, a Mexican national, testified to the following facts. Del Rio developed cancer in one of his testicles and came to the United States for treatment. He was admitted into the hospital by Dr. Steve Foster. On March 27, 1982, Del Rio underwent surgery on his testicle, and from June 2, 1982 to June 18, 1982, he underwent radiation treatments administered by Dr. Jinkins. Beginning about twenty days after the treatments ended, Del Rio began experiencing pain in his abdomen. He was re-hospitalized in August of 1982 and another physician, Dr. George Zey, informed him he probably had a stress-related ulcer. Surgery on his stomach followed. On December 13, 1982, Dr. Jinkins met with Del Rio for a "check-up," but they did not discuss any relationship between the radiation treatments and his stomach problems.

According to Del Rio, he was never informed by anyone that his stomach problems were probably caused by the radiation treatments until September of 1984. Both Dr. Marion Lawler, a consulting physician, and Dr. Zey testified by deposition or affi-

davit that they did so inform Del Rio, as early as August 27, 1982. Eventually, a large portion of Del Rio's stomach was removed, and he now has a colostomy. Del Rio's attorney sent the statutorily required notice and filed suit on December 4, 1984.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1987) provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed;

....

By granting summary judgment, the trial court held that Del Rio's suit was not timely filed within this two-year limitations period. Del Rio brings five points of error attacking this holding.

By his fourth point of error, Del Rio contends that a material fact issue exists as to whether or not he knew or should have known that his stomach problems were allegedly caused by Dr. Jinkins' radiation treatments.

This Court has recently addressed the applicable law involved in a case such as this with very similar facts. In *Wun-Yi Tsai v. Wells*, 725 S.W.2d 271 (Tex.App.— Corpus Christi, 1986, writ requested), Mrs. Wells successfully sued her gynecologist for surgery negligently performed. On appeal, the doctor alleged the trial court erred in overruling his motion for instructed verdict on the ground that the applicable statute of limitations, article 4590i, § 10.01, had run before she filed suit. We overruled that point of error, holding that suffi-

cient evidence existed to support the jury's finding that Mrs. Wells did not have a reasonable opportunity to discover the wrong until more than two years after the injury was inflicted. *Wells*, at 273. Based on *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984), Justice Kennedy wrote:

[S]ince Regina Wells did not have a reasonable opportunity to discover the wrong within the two-year limitation period, the open courts provision of the Texas Constitution prevents the cause of action from being barred by limitations.

■ Obviously, a material fact issue exists of whether Del Rio knew or should have known that his injury was allegedly caused by Dr. Jinkins' radiation treatments. A summary judgment is improper if a material fact issue exists and is raised by summary judgment evidence. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex. 1983); Tex.R.Civ.P. 166–A. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in the non-movant's favor. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984); *see also Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985) (For purposes of appellate review, the court presumed as true appellee's contention that he could not discover the sponge until more than two years after surgery.).

If the ultimate trier of fact determines that Del Rio did not know nor, through reasonable diligence, could have known of the nature of his injury, the two-year limitation period is unconstitutional as applied to him and he has a reasonable time in which to bring suit.[1] *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985); *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984);

---

1. An unusual factual twist separates this case from those cited herein and bears discussion. Obviously, Del Rio knew something was wrong with his stomach when he began to experience severe pain there shortly after the radiation treatments ended. However, Del Rio testified in his deposition that a different doctor informed him that he probably had a stress-related ulcer and treated him accordingly; not until much later did he learn that the ulcer was probably caused by the radiation treatments.

The cases interpreting article 4590i, section 10.01, cited herein, seem to equate feelings of

pain with discovery of the injury. In general, we agree with this statement of the rule, but we believe that limitations cannot bar a plaintiff who reasonably attempts to learn the cause of his injury but is prevented from doing so through no fault of his own. Our rationale parallels that of the Supreme Court's in *Neagle v. Nelson* and *Nelson v. Krusen*. A fact issue exists for the jury to determine whether the alleged misdiagnosis prevented Del Rio from having a reasonable opportunity to discover the alleged nature of his injury, namely Dr. Jinkins' radiation treatments.

*Baldridge v. Howard,* 708 S.W.2d 62, 66 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Reed v. Wershba,* 698 S.W.2d 369, 371 (Tex. App.—Houston [14th Dist.] 1985, no writ); *cf. Morrison v. Chan,* 699 S.W.2d 205 (Tex. 1985) (holding statute constitutional as applied to patient who discovered injury within two year limitation period). *See generally* Note, *The Discovery Rule Dies in a Medical Malpractice Case: Morrison v. Chan, 699 S.W.2d 205 (Tex.1985),* 17 Tex. Tech.L.Rev. 1009–1023 (1986). We sustain Del Rio's fourth point of error.

■ By his fifth point of error, Del Rio asserts that the summary judgment was improper since a material fact issue exists regarding Dr. Jinkins' alleged *fraudulent concealment* of the connection between the radiation treatments and Del Rio's stomach problems. Article 4590i, section 10.01 does not abolish fraudulent concealment as an affirmative defense to limitations under that statute. *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex.1983). However, Del ·Rio did not raise the issue of fraudulent concealment in response to Dr. Jinkins' motion for summary judgment. Because it is an affirmative defense, Del Rio has waived this argument on appeal as a means to reverse the summary judgment. *Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977); *Miller v. Providence Memorial Hospital,* 690 S.W.2d 335 (Tex.App.—Eastland 1985, writ ref'd n.r.e.); Tex.R.Civ.P. 166–A(c).

It is not necessary for us to address appellant's other points of error as they are not controlling. Tex.R.App.P. 90.

The summary judgment is REVERSED and the cause is REMANDED for trial.

### OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

By their first and second points of error on rehearing, appellees assert that this Court applied an incorrect standard of review. They correctly point out that in *Morrison v. Chan,* 699 S.W.2d 205 (Tex.1985), the Supreme Court held that the legislature had abrogated the "discovery rule" in cases governed by the Medical Liability and In-surance Improvement Act. Tex.Rev.Civ. Stat.Ann. art. 4590i, § 10.01 (Vernon Supp. 1987). As we noted in *Wun-Yi Tsai v. Wells,* 725 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.), whether or not a patient "knew or should have known" of his injury no longer prevents the two-year limitations period from running; rather, the only relevant inquiry is whether the statute is constitutional as applied, under the open courts provision of the Texas Constitution, by enabling the patient to have a *reasonable opportunity to discover* the wrong within the two-year period. *Morrison,* 699 S.W.2d at 208; *Nelson v. Krusen,* 678 S.W.2d 918, 923 (Tex. 1984); *Wun-Yi Tsai v. Wells,* 725 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

Our opinion on original submission correctly applied the "reasonable opportunity to discover" test. However, we inadvertently used the term "knew or should have known" several times. The two terms have very technical meanings and should not be interchanged. Any reading of our opinion on original submission that we were applying the "discovery rule" is expressly disavowed. It should be understood that we relied instead on our *Wells* opinion, which accurately explains the proper test to be applied. The proper terminology is used in our footnote in the original opinion. We have carefully reconsidered all of appellees' points of error on rehearing and they are overruled.

A fact issue exists of whether Del Rio had a *reasonable opportunity to discover* the nature of his injury. This case is REVERSED AND REMANDED for trial.