Juan GOMEZ, Appellant,

v.

Jose R. CARRERAS, M.D., Appellee.

No. 13–94–170–CV.

Court of Appeals of Texas,
Corpus Christi.

June 22, 1995.

David Martinez, Lubbock, for appellant.

Douglas M. Kennedy, Brin & Brin, P.C., Corpus Christi, John R. Lyde, Brin & Brin, P.C., Edinburg, Linda C. Breck, Thomas F. Nye, Brin & Brin, P.C., Corpus Christi, for appellee.

Before DORSEY, FREDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal in a medical malpractice case. Appellant alleged that appellee, Jose R. Carreras, M.D., failed to diagnose and treat an injury-causing condition. Dr. Carreras moved for summary judgment on the grounds that appellant's cause of action was barred by limitations and that his treatment of appellant met the proper standard of care and did not proximately cause appellant's injuries. The trial court granted summary judgment against appellant. By a single point of error, appellant complains that the trial court erred in granting Dr. Carreras' motion for summary judgment. We affirm.

On or about January 3, 1988, appellant caught his hand in a press at a cotton gin and suffered a small laceration on the back of his left hand. Dr. Carreras first treated appellant for his injury on February 29, 1988. The summary judgment evidence shows that Dr. Carreras initially diagnosed appellant's condition as a crush injury with intrinsic tightness and a possibility of the development of causalgia, an intense burning pain due to injury of nerve fibers and a form of Reflex Sympathetic Dystrophy (RSD). RSD is a neuro-vascular condition characterized by severe shoulder pain and stiffness, swelling, and pain in the hands. Dr. Carreras recommended therapy to loosen the tightness and immediately referred appellant to Dr. Villanueva. He noted that appellant might develop RSD and might need surgery. Dr. Carreras continued seeing appellant while he was undergoing therapy with Dr. Villanueva. On March 19, 1988, Dr. Carreras found that appellant still had intrinsic tightness but postponed any treatment until appellant's therapy was given a chance to progress.

On July 1, 1988, appellant visited Dr. Carreras. Dr. Carreras noted that appellant was still showing signs of RSD. Dr. Carreras then decided to perform a carpal tunnel release because of appellant's continuous pain and tightness in the joints of his index, long and ring fingers, and because he noted positive findings of Tinel sign (tingling sensation) in the carpal tunnel area. Dr. Carreras opined that the Tinel sign was one of the reasons appellant was not progressing as fast as he had expected.

An operation consisting of a carpal tunnel release and epineurolysis of the carpal of the medial nerve was performed by Dr. Carreras at Mission Hospital on July 19, 1988. After surgery, appellant continued to suffer pain and was sent back to therapy with Dr. Villanueva. On August 19, 1988, Dr. Carreras found that appellant's wrist was still in pain. Dr. Carreras diagnosed appellant's condition as erythromelalgia (a condition where burning and throbbing sensations in the extremities come and go). He noted that if appellant continued to neglect his condition, he could develop RSD. Dr. Carreras later referred appellant to Dr. Treviño, a pain specialist, for nerve blocks to treat the causalgia.

Dr. Carreras last treated appellant on February 18, 1989. Appellant's condition was diagnosed as RSD, ulnar neuritis and median-nerve carpal tunnel syndrome, post

traumatic. Dr. Carreras further noted that appellant was not putting forth enough effort for rehabilitation purposes. He also authorized appellant to return to work with a slight impairment.

In May 1989, appellant was instructed to return to work, but he was unable to do so due to the disabling pain in his left upper extremity. In October 1989, appellant visited Dr. Alex R. Fernandez. Dr. Fernandez examined appellant and referred him to Dr. Todd French for a ganglion block. Dr. French subsequently referred appellant to Dr. Royce C. Lewis who, on November 16, 1989, informed appellant that he had full blown stage III RSD. Dr. Lewis hospitalized appellant and ordered a stellate ganglion block with follow up physical therapy. Thereafter, appellant had surgery and his condition began to improve.

On November 15, 1991, appellant filed suit against Dr. Carreras for failure to diagnose and treat his condition. Appellant alleged that he did not become aware of the alleged negligence until November 16, 1989.

After some discovery, Dr. Carreras moved for summary judgment. He contended that the expert testimony of Dr. David N. Parker negated as a matter of law the elements of breach of the applicable standard of care and causal connection between the alleged breach and the harm suffered. Dr. Carreras asserted that the summary judgment evidence established as a matter of law that he was not negligent in the diagnosis and treatment of appellant and that he did not proximately cause appellant's alleged injuries. Dr. Carreras also asserted that he was entitled to judgment based upon appellant's failure to bring suit within the two-year statute of limitations set out in Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamph.1995). The trial court granted Dr. Carreras' motion for summary judgment without specifying the grounds for its ruling. This appeal followed.

■ The proper inquiry on appeal is whether Dr. Carreras, in seeking summary judgment, fulfilled his initial burden 1) to establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action or 2) to establish his affirmative defense to the plaintiff's cause of action as a matter of law. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.*

■ Dr. Carrera's motion for summary judgment raised several grounds that might have served as the basis for the trial court's general grant of summary judgment. When a defendant moves for summary judgment on several theories and the trial court enters summary judgment without specifying the ground relied upon, we affirm the summary judgment if any one of the theories advanced is meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

Dr. Carreras asserted that he was entitled to summary judgment because appellant's suit was barred by limitations. Dr. Carreras is not entitled to summary judgment unless he conclusively established that the statute of limitations barred the lawsuit. *Rowntree v. Hunsucker,* 833 S.W.2d 103, 104 (Tex.1992); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983).

■ The statute of limitations in a medical malpractice case provides, in relevant part, as follows:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed[.]

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamph.1995); *see Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The statute starts to run from one of three possible

dates; 1) the occurrence of the breach or tort, 2) the date the health care treatment that is the subject of the claim is completed, or 3) the date the hospitalization for which the claim is made is completed. *Rowntree,* 833 S.W.2d at 104; *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). A cause of action for medical malpractice premised upon an alleged misdiagnosis and mistreatment accrues on the last date of treatment.[1] *Kimball,* 741 S.W.2d at 372; *see Morrison,* 699 S.W.2d at 208; *Sewell v. Adams,* 854 S.W.2d 257, 261 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Vinklarek v. Cane,* 691 S.W.2d 108, 110 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Wallace v. Smith,* 658 S.W.2d 328 (Tex.App.—Fort Worth 1983, no writ). An action filed more than two years from that date is time-barred.

■ Appellant contends that the statute of limitations was tolled until November 15, 1989, when he was actually diagnosed as having RSD. The "discovery rule," which permits the limitations period to start on the date that the plaintiff first discovers his cause of action for medical malpractice, rather than from the date the malpractice occurred, is inapplicable to cases governed by the Medical Liability Act. *Morrison v. Chan,* 699 S.W.2d at 208; *Waters ex rel. Walton v. Del–Ky, Inc.,* 844 S.W.2d 250, 255 (Tex.App.—Dallas 1992, no writ) (period begins on precise date tort or breach is known); *Phillips v. Sharpstown Gen'l Hosp.,* 664 S.W.2d 162, 166–167 (Tex.App.—Houston [1st Dist.] 1983, no writ); *see Nelson v. Krusen,* 678 S.W.2d 918, 920 (Tex.1984). However, § 10.01 does not abrogate the discovery rule under circumstances in which strict application of the two-year limitations period would be unreasonable, absurd, and unjust; *i.e,* where there is no showing that the patient knew or could have known of the negligent treatment. *Melendez v. Beal,* 683 S.W.2d 869, 873 (Tex.App.—Houston [1st Dist.] 1984, no writ). The open courts provision of the Texas Constitution will graft the discovery rule onto the Medical Liability Act only if the Act cuts off a person's right to sue before the person had a reasonable opportu-

nity to discover the wrong and bring suit. *Morrison,* 699 S.W.2d at 207; *Martinez v. William C. Flores, M.D., P.A.,* 865 S.W.2d 194, 197 (Tex.App.—Corpus Christi 1993, writ denied).

■ The record reflects that appellant discovered his injuries well within two years of his last treatment by Dr. Carreras. Appellant admits that he discovered his injuries on November 16, 1989, nine months after his last treatment by Dr. Carreras. Appellant had 15 months after discovering his injury to file suit and still fall within the two-year limitations period. Thus, appellant's claims are barred by the statute of limitations. *See Sax v. Votteler,* 648 S.W.2d 661, 667 (Tex. 1983); *Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex.1977); *Martinez,* 865 S.W.2d at 197 (claims discovered with 18 months to run on two-year statute are barred); *Del–Ky, Inc.,* 844 S.W.2d at 257 (appellant had more than 22 months within which to file suit under survivorship statute; § 10.01 not unconstitutional as applied to her); *Reed v. Wershba,* 698 S.W.2d 369, 371 (Tex.App.—Houston [14th Dist.] 1985, no writ) (patient not denied equal protection where reasonable time after discovering injury to file suit within statutory period); *see also Tsai v. Wells,* 725 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (strict application of statute violated open courts provision when patient had no reasonable opportunity to discover alleged malpractice within absolute two-year period).

■ Once a movant for summary judgment establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must then produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). We find no evidence in the record raising a fact issue in avoidance of the affirmative defense of limitations. Appellant's sole point of error is overruled.

---

**1.** We note that the continued existence of a general physician-patient relationship after the last date of treatment does not axiomatically consti-

tute a "course of treatment" for purposes of limitations. *Rowntree,* 833 S.W.2d at 105.

The trial court's summary judgment is affirmed.