Streich v. Lopez











 



NUMBER 13-02-00704-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

DONALD STREICH,                                                                     Appellant,

v.

RUBEN LOPEZ, M.D.,                                                                    Appellee.
                                                                                                                       

On appeal from the 197th District Court of Cameron County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Garza
Memorandum Opinion by Justice Hinojosa

          Appellant, Donald Streich (“Streich”), sued appellee, Ruben Lopez, M.D. (“Dr. 
Lopez”), and other defendants for medical malpractice for an infection he received after
a catheter insertion.


 The trial court granted Dr. Lopez’s motion for summary judgment and
severance


 based on the two-year statute of limitations.


 In his sole point of error, Streich
contends the trial court erred in granting the motion. We affirm. 
A. Motion for New Trial 
          In a cross-point, Dr. Lopez complains for the first time on appeal that Streich did not
timely perfect this appeal because Streich did not file a motion for new trial within thirty
days of the date of the judgment, and he did not file his notice of appeal within thirty days
of the judgment. See Tex. R. App. P. 26.1(a). In response, Streich asserts he timely
mailed his motion for new trial.
          Because the record contained no evidence that Streich’s motion for new trial was
timely mailed, this Court abated this appeal and ordered the trial court to conduct an
evidentiary hearing to determine whether the motion was timely filed. A supplemental
record shows the trial court held the evidentiary hearing ordered by this Court. At the
hearing, the parties stipulated that Streich’s motion was timely mailed, and the trial court
found that Streich’s motion for new trial was timely filed. Accordingly, we overrule Dr.
Lopez’s cross-point.
B. Factual Background
          Streich is an insulin dependent diabetic with end-stage renal disease. After Streich
was diagnosed by his attending physician, Dr. Abbas Lokhandwala, with congestive heart
failure and generalized uremic symptoms, Dr. Lopez inserted a Schon catheter into
Streich’s internal jugular vein on November 3, 1999. Streich was started on dialysis, and
Dr. Joseph Dougherty, a nephrologist, was in charge of the dialysis treatments. On
November 6, 1999, Streich began to experience fever. On November 8, 1999, a lab report
showed that a blood culture taken from the catheter site and drainage of the dialysis
catheter was positive for “Staphylococcus aureus.” On November 12, 1999, Dr. Lopez
removed the Schon catheter and inserted a left Quinton catheter.
          On November 14, 1999, Streich reported low back pain to Dr. Dougherty. Streich
continued to have back pain, hip pain, and leg pain. On December 29, 1999, Dr. Jerry
Pallares, a radiologist, performed a CT scan of Streich’s lumbar spine and concluded that
Streich had an atypical compression fracture. On January 8, 2000, Dr. Dougherty advised
Streich that he had a hairline crack in one of the vertebrae of his tail bone and that his pain
would improve gradually. Streich continued to experience back pain, and on February 5,
2000, Dr. Dougherty referred him to a pain center and requested that nerve conduction
studies be performed. 
          On March 1, 2000, Dr. Brent Clyde, a neurosurgeon, reviewed an earlier MRI scan
of Streich’s back and found a lesion at the L4 vertebra, with no compression of the bone. 
On March 2, 2000, Dr. Eric Six, a neurosurgeon, performed surgery on the lesion and
discovered a large volume of pus, primarily at the L3 and L4 vertebrae. Cultures taken on
March 2, 2000 showed the presence of Staphylococcus aureus, the same organism that
had been present at the catheter site in November 1999. Streich was later informed that
he had an infection as a result of the catheter insertion and not a fracture. Streich’s
counsel sent a notice to Dr. Lopez on February 27, 2002, and filed suit against Dr. Lopez
on April 9, 2002.
C. Standard of Review
          We review the granting of a traditional motion for summary judgment de novo. 
Alejandro v. Bell, 84 S.W.3d 383, 390 (Tex. App.–Corpus Christi 2002, no pet.). To
prevail, the moving party has the burden of showing that there is no genuine issue of
material fact and that judgment should be granted as a matter of law. Shah v. Moss, 67
S.W.3d 836, 842 (Tex. 2001). In deciding whether there is a genuine issue of material
fact, we resolve all doubts against the movant, and we view the evidence in the light most
favorable to the nonmovant. See id. Summary judgment is proper if the movant disproves
at least one element of each of the plaintiff’s claims or affirmatively establishes each
element of an affirmative defense to each claim. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi
2003, no pet.). A defendant moving for summary judgment on a statute of limitations
defense must prove conclusively the elements of that affirmative defense. Pustejovsky v. 
Rapid-Am. Corp., 35 S.W.3d 643, 646 (Tex. 2000). The nonmovant has no burden to
respond to a traditional motion for summary judgment, unless the movant conclusively
establishes its cause of action or defense. M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex. 2000). 
          When a trial court’s order granting a motion for summary judgment does not specify
the ground or grounds relied on for its ruling, the appellate court will affirm the summary
judgment if any of the theories advanced in the motion are meritorious. Dow Chem. Corp.
v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997); Boren v. Bullen, 972 S.W.2d 863, 865
(Tex. App.–Corpus Christi 1998, no pet.). Where the order granting summary judgment
does not state the grounds upon which the motion was granted, the nonmovant must show
on appeal that each independent ground alleged is insufficient to support the summary
judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
D. Statute of Limitations Claim
          In his sole point of error, Streich contends his claims are not barred by limitations
because he had continuous treatment and could not have discovered any malpractice by
Dr. Lopez until March 2, 2000, when it was discovered that his back problems were the
result of an infection from the catheter insertion. Consequently, he asserts that limitations 
did not begin to run until March 2, 2000.
          Dr. Lopez contends that Streich’s claims are barred because suit was not brought
within two years after the catheter insertion. Dr. Lopez argues that since this date is
ascertainable, the discovery rule does not apply.
          Article 4590i, section 10.01, provides three dates for calculation of the two-year
limitations period: (1) the occurrence of the breach or tort; (2) the date the medical or
health care treatment that is the subject of the claim is completed; or (3) the hospitalization
for which the claim is made is completed. See Tex. Civ. Prac. & Rem. Code § 74.251
(Vernon Supp. 2004). A plaintiff cannot choose the most favorable of the three dates
specified. Earle v. Ratliff, 998 S.W.2d 882, 886 (Tex. 1999). Rather, if the date of the
negligence can be ascertained, limitations must be measured from the date of the tort. Id. 
Further, if the date is ascertainable, an analysis of the second and third categories is
unnecessary. Shah v. Moss, 67 S.W.3d 836, 841 (Tex. 2001).
          However, there may be instances when the exact date of the alleged tort cannot be
ascertained. Id. Thus, the second category provides for a situation where the patient’s
injury occurs during a course of treatment for a particular condition and the only
ascertainable date is the last day of treatment. Id. Whether the patient is receiving a
course of treatment, and when the course of treatment ends will depend upon the specific
facts of the case. Courts have considered such factors as whether a physician-patient
relationship is established with respect to the condition that is the subject of the litigation,
whether the physician continues to examine or attend the patient, and whether the
condition requires further services from the physician. Rowntree v. Hunsucker, 833
S.W.2d 103, 106 (Tex. 1992). 
          The Texas Supreme Court has held that in evaluating the language of Article 4590i
section 10.01, it is the duty of the court to construe statutes as written, and, if possible,
ascertain the Legislature’s intent from the language of the act. Morrison v. Chan, 699
S.W.2d 205, 208 (Tex. 1985). The supreme court has further held that the Legislature’s
intent in passing Article 4590i, section 10.01, was to abolish the discovery rule in medical
malpractice cases governed by the Medical Liability Act. Id.
          In the instant case, November 3, 1999 was the date Dr. Lopez inserted the Schon
catheter into Streich’s internal jugular vein. Because the alleged negligence occurred on
an ascertainable date, we conclude that Streich cannot invoke the second or third
categories in section 10.01 to measure the limitations period. Therefore, we hold that
limitations started to run on November 3, 1999.
          When a plaintiff discovers a negligent act or omission within the limitations period
and fails to file suit within such period, recovery is barred. Id. The record reflects that on
March 2, 2000, Streich discovered that the Schon catheter which Dr. Lopez had inserted
had caused an infection. The discovery occurred approximately four months after Dr.
Lopez performed the procedure. Thus, Streich had approximately twenty months after
discovering his injury to file suit and still fall within the two-year limitations period. Because
Streich did not file his medical malpractice suit until April 9, 2002, we hold his claims are
barred by the statute of limitations. See Gomez v. Carreras, 904 S.W.2d 750, 753 (Tex.
App.–Corpus Christi 1995, no writ).
          Accordingly, the trial court did not err in granting Dr. Lopez’s motion for summary
judgment. Streich’s sole point of error is overruled. 
          The trial court’s order granting Dr. Lopez’s motion for summary judgment is affirmed.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed
this the 26th day of August, 2004.