Opinion issued December 20, 2007








                                                        




                                                                  In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01068-CV
  __________
 
TANGIE WALTERS, Appellant
 
V.
 
CLEVELAND REGIONAL MEDICAL CENTER, SHIRLEY KIEFER, AND
KEITH SPOONER, M.D., Appellees
 

 
 
On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2005-54075
 

 
 
O P I N I O N
          Tangie Walters, appellant, appeals the trial court’s grant of Cleveland Regional
Medical Center and Shirley Kiefer’s (collectively “Cleveland”) and Keith Spooner,
M.D.’s motions for summary judgment. Walters argues that she alleged and offered
evidence that the medical malpractice statute of limitations cut off her claim before she
knew or reasonably should have known of her injury, in contravention of the open
courts guarantee of the Texas Constitution. Tex. Const. art. I, § 13. She also asserts
that Cleveland and Spooner failed to establish conclusively that there was no genuine
issue of material fact that she should have discovered her injury and filed suit within
the limitations period. We affirm.Background
          On December 1, 1995, Keith Spooner, M.D. delivered Tangie Walters’s fourth
child at Cleveland Regional Medical Center. The same day, Spooner performed a
bilateral tubal ligation on Walters. Walters was taken to the recovery room in stable
condition, and all surgical sponges were accounted for according to the sponge count
performed by nurse Shirley Kiefer. After the surgery, Walters began suffering chronic
abdominal pain, which progressively worsened over the next 10 years. The pain was
more intense during her menstrual cycle, with bowel movements, and during certain
physical activities. She also suffered various ailments during this time, including
bladder infections, frequent urination, vaginal bleeding, lymph node infections, sinus
problems, pneumonia-like symptoms, insomnia, and fatigue. Beginning in March
1998, more than two years after the surgery, she was treated by primary care
physicians, who performed blood and urine tests, and prescribed antibiotics,
antidepressants, and sleep medications.
          In April 2005, almost 10 years after the surgery, Walters went to Mary
Garnepudi, M.D., a gynecologist. While performing a routine exam, Garnepudi
noticed something unusual and decided to perform a laparoscopy, which revealed a
bulky uterus, multiple pelvic adhesions, and pelvic congestion. Garnepudi referred
Walters to Tracy Pipkin, M.D. Due to Walters’s continued pain, Pipkin conducted an
exploratory laparotomy and hysterectomy. Pipkin noticed a mass connected to the
small bowel and brought in another surgeon for an intraopertive consultation. The 
mass was removed and was determined to be a surgical sponge encapsulated in fibrous
tissue. Pipkin told Walters that the sponge had been there for awhile because “a lot
of stuff” had grown around it.
          Walters testified that she believes that her physical problems—the weakening
of her immune system and her subsequent surgeries, including the hysterectomy—
resulted from the retained sponge. She brought a medical negligence suit against
Spooner and Cleveland Regional Medical Center on August 23, 2005, and later
amended her petition to include Kiefer as a defendant. All defendants filed traditional
motions for summary judgment, asserting that Walters’s claims were barred by the
two-year statute of limitations applicable to medical malpractice claims. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2005). Walters responded by
asserting that the statute of limitations violated her open courts guarantee under the
Texas Constitution. Tex. Const. art. I, § 13. The trial court granted both motions for
summary judgment against Walters. Walters now appeals 
Open Courts Guarantee
          In two issues, Walters argues that the open courts guarantee saves her claim
from being barred by the two-year medical malpractice statute of limitations. In her
first issue, Walters claims that she alleged and offered some evidence that the
application of the two-year limitations period cut off her claim before she knew or
should have known of its existence, in contravention of the open courts guarantee. In
her second issue, Walters asserts that Cleveland and Spooner failed to establish
conclusively that there was no genuine issue of material fact that she should have
discovered the nature of her injury and claim within two years of her tubal ligation.
Standard of Review
          We review the granting of summary judgment de novo. See Nelson v. Chaney,
193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When a
defendant moves for traditional summary judgment, it must either (1) disprove at least
one element of the plaintiff’s cause of action or (2) plead and conclusively establish
each essential element of its affirmative defense, thereby defeating the plaintiff’s cause
of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). The court takes as true
evidence favorable to the non-movant when deciding whether there is a disputed,
material fact issue precluding summary judgment, Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548–49 (Tex. 1985), and all doubts about the existence of a genuine issue
of a material fact are resolved against the movant. Cate, 790 S.W.2d at 562. If the
movant’s summary judgment motion and proof facially establish its right to judgment
as a matter of law, the burden shifts to the non-movant to raise a material fact issue
sufficient to defeat summary judgment. City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). A summary judgment must be affirmed if any of
the theories advanced by the movant is meritorious. Harwell v. State Farm Mut. Auto.
Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).
Analysis
          In her first issue, Walters argues that she alleged and offered some evidence that
application of the two-year statute of limitations cut off her claim before she knew or
should have known of its existence. Walters is essentially arguing that she met her
burden of establishing an open courts violation that would allow her to file her claim
beyond the applicable statute of limitations.
          “[N]o health care liability claim may be commenced unless the action is filed
within two years from the occurrence of the breach or tort or from the date the medical
or health care treatment that is the subject of the claim or the hospitalization for which
the claim is made is completed.” Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a). 
Former Article 4590i, Section 10.01 of the Texas Revised Civil Statutes


 was the
predecessor to Subsection 74.251. Because the two-year limitations period described
in Subsection 74.251(a) is substantially the same as that described in former Section
10.01, we rely on precedent concerning Section 10.01 in interpreting Subsection
74.251(a). Kallam v. Boyd, 232 S.W.3d 774, 776 n.1 (Tex. 2007) (recognizing that
Subsection 74.251 is the current version of Section 10.01).
          The two-year limitations period of Section 10.01 is absolute. See Diaz v.
Westphal, 941 S.W.2d 96, 98 (Tex. 1997). However, a plaintiff can save his claim
barred by Section 10.01 if he can show that the claim was cut short in violation of the
open courts guarantee of the Texas Constitution.


 See, e.g., Neagle v. Nelson, 685
S.W.2d 11, 12 (Tex. 1985) (holding that the limitations period of Section
10.01violated the plaintiff’s open courts guarantee). The open courts guarantee is
based on the principle that “the Legislature has no power to make a remedy by due
course of law contingent on an impossible condition.” Morrison v. Chan, 699 S.W.2d
205, 207 (Tex. 1985). For a litigant to establish that the limitations period of 4590i
violated his open courts guarantee, the litigant must: 
first show a cognizable, common-law claim that article 4590i’s
limitations provision restricts. Then, the litigant must show the
restriction is unreasonable or arbitrary when balanced against the
statute’s purpose and basis. The limitations provision in article 4590i
section 10.01 does not violate the open courts guarantee if the plaintiff
had a reasonable opportunity to discover the alleged wrong and bring suit
before the limitations period expired. 
Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001) (citations omitted). Thus, the plaintiff
has a burden to raise a fact issue demonstrating that he did not have a reasonable
opportunity to discover the alleged wrong before the limitations period expired so that
the open courts guarantee applies. Id. at 846–47.
          The interpretation of “reasonable opportunity to discover the alleged wrong” is
the source of the parties’ disagreement. Walters argues that this phrase requires an
inquiry of whether the plaintiff knew-or-should-have-known of her injury during the
limitations period, whereas Cleveland and Spooner contend that the provision applies
only if it was impossible-or-exceedingly-difficult for the plaintiff to have discovered
the injury during this period. This divergence is understandable given that the
language used in applying the open courts guarantee to the two-year statute of
limitations of Section 10.01 has been inconsistent. See O’Reilly v. Wiseman, 107
S.W.3d 699, 702 (Tex. App.—Austin 2003, pet. denied) (“Language in appellate
opinions has made it confusing for both lower courts and litigants to know with
certainty when the open-courts provision applies so as to invalidate the limitation
period.”). However, we agree with the Fort Worth court of appeals, which recognized
the test as being whether the plaintiff had a reasonable opportunity to discover the
injury and file suit. Boyd v. Kallam, 152 S.W.3d 670, 678–81 (Tex. App.—Fort Worth
2004), pet. denied improvidently granted, 232 S.W.3d 774 (Tex. 2007). Any other
variations of the test carry the same meaning. See id. at 678. A recent Texas Supreme
Court decision is instructive on this issue. In Yancy v. United Surgical Partners
Intern., Inc., the Texas Supreme Court gave the following description of the open
courts guarantee: This guarantee differs from tolling provisions. Unlike the discovery rule,
which defers accrual of a cause of action until the plaintiff knew or,
exercising reasonable diligence, should have known of the facts giving
rise to the claim, the open courts provision merely gives litigants a
reasonable time to discover their injuries and file suit. Because the open
courts guarantee does not toll limitations, courts must determine what
constitutes a reasonable time for a claimant to discover her injuries and
file suit.236 S.W.3d 778, 784 (Tex. 2007) (emphasis added) (citations omitted). It is clear that
courts are to decide what constitutes a reasonable time or opportunity for the plaintiff
to discover his injury and file suit. Therefore, Walters had the burden of establishing
a fact issue that she did not have reasonable time to discover her injuries and file suit
before the limitations period expired. 
          In her response to the defendants’ motions for summary judgment, Walters
specifically pleaded an open courts guarantee violation. Walters attached evidence
showing that she had no medical training and that the operative report showed that all
sponges were accounted for following her tubal ligation. She also directed the trial
court to evidence in the defendants’ motions for summary judgment, which showed
that she had received post-surgical treatment from several doctors, none of whom
determined that a retained sponge was the source of her ailments. Walters, arguing
that she should not be held to a higher standard than the doctors who treated her, cited
Del Rio v. Jinkins, which commented on the effects a doctor’s misdiagnosis of the
source of a plaintiff’s pain may have on the plaintiff’s ability to discover his injury. 
730 S.W.2d 125, 128 n.1 (Tex. App.—Corpus Christi 1987, writ ref’d n.r.e.) (“[W]e
believe that limitations cannot bar a plaintiff who reasonably attempts to learn the
cause of his injury but is prevented from doing so through no fault of his own.”). 
Walters also supplemented her response by pointing out that, in his deposition,
Spooner was asked whether he agreed that Walters could have and should have known
that her condition was related to her tubal ligation, to which he answered he did not.
          The fact that Walters had no medical training does not show that she could not
have reasonably discovered her injury within the two-year limitations window; pain
itself can be an indicator of injury. See id. (“The cases interpreting article 4590i,
section 10.01 . . . seem to equate feelings of pain with discovery of the injury.”). 
Furthermore, Walters presented no evidence that she saw the medical records that
reflected the sponge count. As for Spooner’s statement that he does not agree that
Walters could have and should have known that her condition was related to her tubal
ligation, we agree with Cleveland that such testimony was taken out of the context of
Spooner’s answer; Spooner disagreed with the statement because he was not in a
position to comment on Walters’s condition, having not evaluated her. Finally,
Walters directed the trial court to her medical records which show a variety of
diagnoses from several physicians. However, the records reveal that her first doctor’s
visit was on March 16, 1998—more than two years after her December 1, 1995 tubal
ligation. Thus, the evidence referred to by Walters does not show that she relied on
any doctor’s misdiagnosis in the two years following her surgery. We hold that
Walters failed to establish a fact issue that she did not have a reasonable opportunity
to discover her injuries and file suit before the limitations period expired, and, thus,
did not meet her burden of establishing the applicability of the open courts guarantee. 
See Yancy, 236 S.W.3d at 784. 
          Walters’s first issue is overruled. Because Walters’s first issue is dispositive of
her appeal, we need not discuss her second issue.    ConclusionWe affirm the trial court’s grant of Cleveland’s and Spooner’s motions for
summary judgment.  
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, Higley.